FILED
CLERK

10 MAY 11 PM 2:48

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

MICHAEL MILLER, individually and on behalf of the classes defined herein,

Plaintiff,

v.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP, and ROBERT FENSTERMAN,

Defendants.

**COMPLAINT – CLASS ACTION**

CV 10- 2156

BIANCO, J.
TOMLINSON, M.J.

**INTRODUCTION**

1. Plaintiff Michael Miller brings this action to secure redress from unlawful credit and collection practices engaged in by defendant s Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP ("AFFE") and Robert Fensterman. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

a. Defendants' collection communications were received by plaintiff within this District;

b. Defendants do or transact business within this District.

**PARTIES**

4. Plaintiff Michael Miller is an individual who resides in Farmingdale, NY.

5. Defendant Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP is a law firm organized as a New York limited liability partnership with offices at

(a) 1111 Marcus Avenue, Suite 107, Lake Success, New York 11042, (b) 630 Third Avenue, New York, NY 10017, (c) 45 Exchange Blvd., Suite 275, Rochester, New York 14614, and (d) 4006 Route 9 South, Morganville, NJ 07751.

6. According to its web site (www.abramslaw.com) defendant AFFE has over 40 attorneys, some of whom practice in the area of "health care collection and reimbursement recovery."

7. Defendant states on its web site that its "team of health care collection and reimbursement recovery attorneys focuses on assisting clients in reducing their receivables. We regularly . . . use administrative and judicial remedies such as . . . private collection actions . . . ."

8. Defendant AFFE further states on its web site that it represents some 150 nursing homes and thousands of health care providers.

9. Defendant AFFE regularly uses the mails and telephone system to collect consumer debts originally owed to others.

10. Defendant AFFE is a debt collector as defined in the FDCPA.

11. Defendant Robert Fensterman may be found at the Lake Success office of AFFE. He is the founding and executive partner of AFFE and signed the collection letter sent to plaintiff.

12. Defendant Robert Fensterman regularly uses the mails and telephone system to collect consumer debts originally owed to others.

13. Defendant Robert Fensterman is a debt collector as defined in the FDCPA.

## FACTS

14. On or about March 10, 2010, defendant AFEE sent plaintiff the letter attached as Exhibit A. It was signed by defendant Robert Fensterman.

15. Exhibit A sought to collect a nursing home bill incurred by Paul Miller.

16. Plaintiff is the adult son of Paul Miller.

17. Plaintiff has no legal liability for the debts of Paul Miller.

18. The health care facility on behalf of which Exhibit A was sent, Parker Jewish Institute, accepts Medicare and Medicaid patients.

19. Federal law prohibits a nursing home which receives Medicaid or Medicare funds from requiring a guarantor for admission from any patient (whether or not that particular patient is a Medicaid or Medicare patient).

20. 42 U.S.C. §1396r(c)(5)(A)(ii) provides:

**(A) Admission**

> **With respect to admissions practices, a nursing facility must-**
> ***
>
> **(ii) not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility; ...**

21. Exhibit A purports to demand payment from plaintiff for the debts of Paul Miller.

22. On information and belief, plaintiff did not guarantee payment of the debts of Paul Miller. Even if he did, such a guarantee would not be valid.

23. Exhibit A states that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period."

24. Such a statement is not permitted unless the collection demand also states that if verification is requested, collection activity will cease until it is provided.

## COUNT I – FDCPA

25. Plaintiff incorporates paragraphs 1-24.

26. Exhibit A violates 15 U.S.C. §1692g.

27. Section 1692g provides:

**§ 1692g. Validation of debts**

> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

   **(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom defendants sent a letter in the form represented by Exhibit A (c) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

29. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) A declaration that defendants' communication violates the FDCPA;

(2) Statutory damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

34. Plaintiff incorporates paragraphs 1-24.

35. Defendants violated the FDCPA by sending a collection demand to someone who did not owe the debt.

36. Defendants thereby violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

37. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

38. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom defendants sent a letter attempting to collect a debt (c) for nursing home care provided to a parent (d) by a nursing home which accepts Medicaid or Medicare for any patient (e) which letter was sent during a period beginning on a date one year prior to the filing of this action

and ending 20 days after the filing of this action.

40. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants engaged in a practice of attempting to collect debts from persons who are not legally liable for such debts.

42. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) A declaration that defendants' are not entitled to collect money from the plaintiff and class members;

(2) Statutory damages;

(3) Actual damages;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other and further relief as the Court deems proper.

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)

akleinman@akleinmanllc.com

to request pro hac vice admission:

Cathleen M. Combs
Daniel A. Edelman
EDELMAN COMBS LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street
Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 fax
ccombs@edcombs.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Abraham Kleinman

T:\24301\Pleading\Complaint_Pleading.WPD

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Abraham Kleinman

# EXHIBIT A

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP
*Attorneys at Law*
1111 MARCUS AVENUE - LL08
LAKE SUCCESS, NEW YORK 11042

TELEPHONE: (516) 248-2929
FAX: (516) 248-1765
FAX NOT FOR LEGAL SERVICE

MANHATTAN OFFICE:
630 3RD AVENUE
5TH FLOOR
NEW YORK, NY 10017
(212) 279-9200

ROCHESTER OFFICE:
45 EXCHANGE BLVD.
SUITE 275
ROCHESTER, NY 14614
(585) 232-6002

March 10, 2010

Mr. Michael Miller
[redacted]

Re: Paul Miller @ Parker Jewish Institute for Health Care & Rehabilitation
Amount Owed: $566.00
<u>OUR FILE NO.: [redacted].972</u>

Dear Mr. Miller:

Our office represents the Parker Jewish Institute for Health Care & Rehabilitation. We have been retained in connection with the outstanding debt due and owing to the facility for care and services provided to the referenced resident. Please see the enclosed bill.

In this regard, unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this notice, this office will provide you the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Kindly forward any and all remittances to our firm, made payable to Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP.

**If you have any questions concerning this matter, please contact Angela C. Bellizzi in our office.**

To avoid confusion, please be advised that this office is allowed by law to commence a legal proceeding during the 30 day debt validation period. Please direct all communications to this office. If you do not dispute the validity of this debt, please send in your payment to this office. You may also contact this office to advise of any problems with payment or to arrange for payment of the amount due.

We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Very truly yours,

ROBERT FENSTERMAN

Enc.

cc: Parker Jewish Institute for Health Care & Rehabilitation
271-11 76th Ave.
New Hyde Park, NY 11040-1433
Attn: Deochand Parbhudial

PARKER JEWISH INSTITUTE
271-11 76TH AVENUE
NEW HYDE PARK NY 11040 -1436
(718)-289-2100

MILLER, PAUL
[redacted]
[redacted] [redacted]

STATEMENT DATE: 3-01-10
RESIDENT NAME: MILLER, PAUL
RESIDENT NUMBER: [redacted]

AMOUNT DUE: 566.00

| DATE | DESCRIPTION | SERVICE DATES | CHARGE | ADJ/PAYMENTS |
|---|---|---|---|---|
| | OPENING BALANCE | | 566.00 | |
| | 5 days @ $100/day = | | 500 Copay | |
| | | | 66 Dental | |
| | | | $566 | |
| | | | 566.00 | 0.00 |

AMOUNT DUE: 566.00

PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE. WE ACCEPT ALL MAJOR CREDIT CARDS. FOR BILLNG QUESTIONS CALL MS. DONNA LINDEMANN @ 718-289-2100 EXT 4096