UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MICHAEL MILLER,
individually and on behalf of the classes defined herein,

Plaintiff,

v.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENBERG, FORMATO & EINIGER, LLP, and
ROBERT FENSTERMAN,

Defendants.

------------------------------------------------------------------------X

**Civil Action No.
2:10-cv-02156-JFB-AKT**

### MEMORANDUM OF LAW OF DEFENDANTS ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP AND ROBERT FENSTERMAN IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Kenneth M. Labbate (KL-1074)
Sanjit Shah (SS-0148)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, New York 10004
Phone: (212) 804-4200
Fax:    (212) 344-8066
klabbate@moundcotton.com
sshah@moundcotton.com

Attorneys for Defendants
*Abrams, Fensterman, Fensterman, Eisman,
  Greenberg, Formato & Einiger, LLP
  and Robert Fensterman*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. iii

PRELIMINARY STATEMENT ...................................................................................... 1

FACTS .......................................................................................................................... 2

ARGUMENT ................................................................................................................. 5

    STANDARDS FOR A MOTION
    FOR JUDGMENT ON THE PLEADINGS
    PURSUANT TO FED. R. CIV. P. 12(c) ............................................................... 5

    POINT I

        PLAINTIFF DOES NOT HAVE
        STANDING TO SUE DEFENDANTS
        FOR ALLEGEDLY VIOLATING THE FDCPA ................................................... 6

        A.    Plaintiff is not a "consumer"
            under the FDCPA ...................................................................................... 8

        B.    Plaintiff has not suffered --
            and does not allege -- injurious exposure ................................................... 9

    POINT II

        COUNT I OF THE COMPLAINT,
        WHICH IS PREDICATED ON A
        PURPORTED VIOLATION OF
        15 U.S.C. § 1692g, SHOULD BE DISMISSED ................................................... 11

    POINT III

        COUNT II OF THE COMPLAINT SHOULD
        BE DISMISSED BECAUSE DEFENDANTS
        DID NOT USE ANY FALSE, DECEPTIVE
        OR MISLEADING REPRESENTATIONS, OR
        ANY UNFAIR OR UNCONSCIONABLE MEANS,
        TO COLLECT A DEBT ..................................................................................... 16

        A.    The March 10, 2010 letter did not
            violate 15 U.S.C. § 1692e or any
            subsection thereof ...................................................................................... 16

B.      The March 10, 2010 letter did not violate
        15 U.S.C. §§ 1692f or 1692f(1) ...................................................................19

CONCLUSION................................................................................................................21

## TABLE OF AUTHORITIES

### Cases

Bank v. Pentagroup Fin., LLC, 08-CV-5293,
2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009) ............................................................7, 10

Baptist v. Global Holding & Inv. Co., L.L.C.,
Civil Action No. 04-CV-2365,
2007 U.S. Dist. LEXIS 49476 (E.D.N.Y. July 9, 2007) ................................................................18

Barasch v. Estate Info. Servs., LLC, 07-CV-1693,
2009 U.S. Dist. LEXIS 79338 (E.D.N.Y. Sept. 3, 2009) .......................................................7, 9, 10

Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) ........................................................................14, 15

Carver v. City of New York, Docket No. 09-2053-cv,
2010 U.S. App. LEXIS 19753 (2d Cir. Sept. 23, 2010) ...................................................................5

Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993) .........................................................................17

Diaz v. D.L. Recovery Corp.,
486 F. Supp. 2d 474 (E.D. Pa. 2007) ...............................................................................................8

Ellis v. Solomon & Solomon, P.C.,
591 F.3d 130 (2d Cir. 2010) ..................................................................................12, 13, 14, 15, 17

Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010) .....................................................................2 n.1

Johnson v. Rowley, 569 F.3d 40 (2d Cir. 2009) ...............................................................................6

Kaniewski v. Nat'l Action Fin. Servs.,
678 F. Supp. 2d 541 (E.D. Mich. 2009) ..............................................................................6, 17, 19

Kujawa v. Palisades Collection, L.L.C.,
614 F. Supp. 2d 788 (E.D. Mich. 2008) ...................................................................................18, 20

Lunney v. United States, 319 F.3d 550 (2d Cir. 2003) .....................................................................5

Patel v. Contemporary Classics of Beverly Hills,
259 F.3d 123 (2d Cir. 2001) .............................................................................................................5

Richeson v. Javitch, Block & Rathbone,
576 F. Supp. 2d 861 (N.D. Ohio 2008) ..........................................................................................12

Schwartz v. Resurgent Capital Servs., LP, 08 CV 2533,
2009 U.S. Dist. LEXIS 103903 (E.D.N.Y. Nov. 9, 2009)..................................................6, 7, 9, 10

Spira v. Ashwood Fin., Inc.,
358 F. Supp. 2d 150 (E.D.N.Y. 2005) ..........................................................................................19

Stark v. Hudson & Keyse LLC, No. 07-CV-4579,
2008 U.S. Dist. LEXIS 90816 (E.D.N.Y. Nov. 7, 2008)..................................................................5

Villareal v. Snow, No. 95 C 2484,
1996 U.S. Dist. LEXIS 660 (E.D. Ill. Jan. 16, 1996)......................................................................9

Wenrich v. Robert E. Cole, P.C.,
Civil Action No. 00-2588,
2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 26, 2000).................................................................8

Whatley v. Universal Collection Bureau, Inc.,
525 F. Supp. 1204 (N.D. Ga. 1981)...............................................................................................9

Wright v. Fin. Serv. of Norwalk, Inc.,
22 F.3d 647 (6th Cir. 1994) ....................................................................................................7 n.2

Yan Ping Xu v. City of New York, 08 Civ. 11339,
2010 U.S. Dist. LEXIS 78404 (S.D.N.Y. Aug. 3, 2010).................................................................5

**Statutes and Rules**

15 U.S.C. §1692a.............................................................................................................6, 8

15 U.S.C. §1692d..............................................................................................................10

15 U.S.C. § 1692e ...............................................................................1, 4, 16, 17, 18, 19, 21

15 U.S.C. §1692f ...................................................................................1, 2, 4, 16, 19, 21

15 U.S.C. §1692g................................................................1, 3, 6, 11, 12, 13, 14, 15, 16, 21

15 U.S.C. §1692k..................................................................................................................6

42 U.S.C. § 1396r ................................................................................................................4

Fed. R. Civ. P. 12(b)(1).........................................................................................................5

Fed. R. Civ. P. 12(b)(6).........................................................................................................5

Fed. R. Civ. P. 12(c) ........................................................................................................1, 5

Defendants Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP ("Abrams Fensterman") and Robert Fensterman respectfully submit this memorandum of law in support of their motion for judgment on the pleadings dismissing the Complaint of Plaintiff Michael Miller pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Michael Miller, an attorney admitted to practice law in New York, filed suit against Abrams Fensterman and one of its partners, Robert Fensterman, for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. According to Plaintiff, Defendants violated several sections of the FDCPA by mailing a debt collection letter to him that sought to collect a debt incurred by his father, Paul Miller, during a stay at the Parker Jewish Institute. Plaintiff, however, has no standing bring this suit as he is neither obligated nor allegedly obligated to pay the debt incurred by his father, and he does not plead injurious exposure as a result of his receipt of the debt collection letter. Plaintiff's Complaint should therefore be dismissed with prejudice.

Plaintiff's Complaint should be dismissed for the additional reason that Defendants have not violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), or 1692g, the sections of the FDCPA that Plaintiff claims were contravened by Defendants' letter concerning his father's debt. There were no false, deceptive or misleading representations -- prohibited by 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) -- in Defendants' letter, which included all notices and information required by 15 U.S.C. § 1692g. Moreover, Defendants did not, in violation of 15 U.S.C. § 1692e(5), threaten to take legal action that could not be legally taken or was not intended to be taken. Finally, Defendants did not use any unfair or unconscionable means to

collect a debt as proscribed by 15 U.S.C. §§ 1692f and 1692f(1). Thus, Defendants' motion for judgment on the pleadings should be granted and the Complaint dismissed with prejudice.

## FACTS[1]

Abrams Fensterman allegedly sent Plaintiff a letter dated March 10, 2010 and signed by Robert Fensterman, seeking to collect a debt of $566.00 incurred by Paul Miller, Plaintiff's father, for care and services provided to Paul Miller during his stay at the Parker Jewish Institute. (Complaint, annexed as Exhibit 1 to the November 19, 2010 Declaration of Sanjit Shah (the "Shah Decl."), ¶¶ 14, 15, 16.) Specifically, this letter provided as follows:

> March 10, 2010
>
> Mr. Michael Miller
>
> > Re:   Paul Miller @ Parker Jewish Institute for Health Care and
> >        Rehabilitation
> >        Amount Owed: $566.00
> >        OUR FILE NO.:        .972
>
> Dear Mr. Miller:
>
> Our office represents the Parker Jewish Institute for Health Care & Rehabilitation. We have been retained in connection with the outstanding debt due and owing to the facility for care and services provided to the referenced resident. Please see the enclosed bill.
>
> In this regard, unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this notice, this office will provide you the name and

---

[1] Defendants accept the factual allegations in the complaint as true only for the purposes of this motion. Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010) ("We describe the allegations in plaintiffs' amended complaint in great detail because '[i]n deciding a *Rule 12(c)* motion, we apply the same standard as that applicable to a motion under *Rule 12(b)(6)*, accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party . . . .'") (quoting Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999)).

address of the original creditor, if different from the current creditor. This is an attempt to collect a debt, and any information will be used for that purpose.

Kindly forward any and all remittances to our firm, made payable to Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP.

If you have any questions concerning this matter, please contact Angela C. Bellizzi in our office.

To avoid confusion, please be advised that this office is allowed by law to commence a legal proceeding during the 30 day debt validation period. Please direct all communications to this office. If you do not dispute the validity of this debt, please send in your payment to this office. You may also contact this office to advise of any problems with payment or to arrange for payment of the amount due.

We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Very truly yours,

ROBERT FENSTERMAN

(March 10, 2010 letter, annexed as Exhibit A to the Complaint.)

In addition to expressly and clearly referencing "Paul Miller @ Parker Jewish Institute for Health Care and Rehabilitation," the March 10, 2010 letter enclosed an invoice specifically identifying Paul Miller as the resident who incurred the debt that Abrams Fensterman sought to collect. (Complaint Exhibit A.) According to Plaintiff, an attorney, he has no legal liability for the debts of Paul Miller. (Complaint ¶ 17; March 19, 2010 letter from Michael Miller to Angela Bellizzi, annexed as Exhibit 2 to the Shah Decl.)

Plaintiff commenced this purported class action, alleging violations of FDCPA, on or about May 11, 2010. Count I of the Complaint attempts to assert a cause of action for a purported violation of 15 U.S.C. § 1692g. Defendants allegedly violated this provision of the

3

FDCPA because the March 10, 2010 letter sent to Plaintiff provided that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period" without also stating that "if verification is requested, collection activity will cease until it is provided." (Complaint ¶¶ 23, 24.) Plaintiff purports to bring Count I on behalf of a class "consisting of (a) all natural persons (b) to whom defendants sent a letter in the form represented by [the March 10, 2010 letter] (c) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action." (Complaint ¶ 28.)

Count II of the Complaint purports to plead a cause of action for violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1). Plaintiff alleges that these provisions of the FDCPA were violated because Defendants sent "a collection demand to someone who did not owe the debt." (Complaint ¶¶ 35, 36.) According to Plaintiff, he did not guarantee payment of Paul Miller's debt to Parker, and "[e]ven if he did, such a guarantee would not be valid" by reason of 42 U.S.C. §1396r(c)(5)(A)(ii). (Complaint ¶¶ 20-22.) Plaintiff purports to bring Count II on behalf of a class "consisting of (a) all natural persons (b) to whom defendants sent a letter attempting to collect a debt (c) for nursing home care provided to a parent (d) by a nursing home which accepts Medicaid or Medicare for any patient (e) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action." (Complaint ¶ 39.)

In addition to a declaration that Defendants "are not entitled to collect money from the plaintiff and the class members," Plaintiff seeks statutory damages, actual damages, and attorneys' fees and costs. Defendants answered the Complaint, and now move for judgment on the pleadings. (Answer, Shah Decl. Ex. 3.)

4

## ARGUMENT

### STANDARDS FOR A MOTION FOR JUDGMENT
### ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

"Standing is a federal jurisdictional question 'determining the power of the court to entertain the suit.'" Carver v. City of New York, Docket No. 09-2053-cv, 2010 U.S. App. LEXIS 19753, at *7 (2d Cir. Sept. 23, 2010). When a defendant challenges the plaintiff's standing to sue in a motion pursuant to Rule 12(c), the motion is governed by the same standard that applies to a Rule 12(b)(1) motion. Yan Ping Xu v. City of New York, 08 Civ. 11339, 2010 U.S. Dist. LEXIS 78404, at *4 n.2 (S.D.N.Y. Aug. 3, 2010) ("Where a Rule 12 (c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1)motion."). "When (as here) a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) is addressed to the Complaint, a court accepts as true all the factual allegations in the Complaint and must draw all reasonable inferences in favor of the plaintiff." Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003). Nevertheless, the "plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." Id.

When a defendant seeks the dismissal of a Complaint pursuant to Rule 12(c) on the ground that the plaintiff has failed to state a cause of action, the "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). See also Stark v. Hudson & Keyse LLC, No. 07-CV-4579, 2008 U.S. Dist. LEXIS 90816, at *5 (E.D.N.Y. Nov. 7, 2008) ("The same standard is used for deciding a *Rule 12(b)(6)* motion and *Rule 12(c)* motion.") (Bianco, J.). Thus, a motion for judgment on the pleadings should be granted if, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff is not able to state a claim for relief that is

plausible on its face. Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) ("To survive a *Rule 12(c)* motion, Johnson's complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

When these standards are applied here, it is clear that the Complaint should be dismissed with prejudice.

## POINT I

### PLAINTIFF DOES NOT HAVE STANDING TO SUE DEFENDANTS FOR ALLEGEDLY VIOLATING THE FDCPA

"The FDCPA is a consumer-protection statute intended to 'eliminate abusive debt collection practices by debt collectors.'" Schwartz v. Resurgent Capital Servs., LP, 08 CV 2533, 2009 U.S. Dist. LEXIS 103903, at *4 (E.D.N.Y. Nov. 9, 2009) (quoting 15 U.S.C. § 1692). Although a "debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person" for damages, 15 U.S.C. § 1692k(a), certain sections are intended for the protection of "consumers" only. See, e.g., 15 U.S.C. § 1692g. As such, only a "consumer," i.e., "any natural person obligated or allegedly obligated to pay any debt[,]" 15 U.S.C. § 1692a(3), has standing to sue for a violation of one of those provisions. Kaniewski v. Nat'l Action Fin. Servs., 678 F. Supp. 2d 541, 545 (E.D. Mich. 2009) ("The same analysis applies to *§ 1692g*, which imposes certain obligations on debt collectors and their communications with 'consumers.' Here, there is no dispute that Plaintiff is not obligated, or alleged to be obligated, to pay any debt. Accordingly, he lacks standing to assert claims under *§§ 1692c* or *1692g*.") (citations omitted).

6

In order for a plaintiff who is neither a consumer nor a person standing in the shoes of a consumer[2] to have standing to sue under the FDCPA, that plaintiff must have sustained some "injurious exposure" from the debt collector's activities *even if the section allegedly violated is not limited to the protection of consumers*. Schwartz, 2009 U.S. Dist. LEXIS at *11-*12 ("[T]he Second Circuit has held that a plaintiff who is not a consumer and has not alleged injurious exposure to a debt collection practice is not entitled to bring an action even under a provision of the FDCPA which does *not* make explicit reference to 'the consumer,' because the FDCPA will not have been violated *with respect to such a plaintiff*.") (italics in original) (citing Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 155 Fed. Appx. 10, 11 (2d Cir. 2005)); Barasch, 2009 U.S. Dist. LEXIS 79338, at *10 ("[T]he language in *Sibersky* requires '*injurious* exposure.' Without any evidence of an injury presented, the court cannot conclude that Plaintiff has standing based on injurious exposure to a challenged communication.") (italics in orginal); Bank v. Pentagroup Fin., LLC, 08-CV-5293, 2009 U.S. Dist. LEXIS 47985, at *15-*16 (E.D.N.Y. June 9, 2009) ("In order for Bank to have standing to sue under the FDCPA where an allegedly offending communication was made to a person other than a consumer or a person standing in the consumer's shoes, he would have to plead some injurious exposure to the communication.").

Plaintiff does not have standing to sue Defendants for any of the FDCPA violations alleged in the Complaint because Plaintiff is not a consumer (or a person "standing in the shoes of a consumer") and has not alleged injurious exposure.

---

[2] The executor of a debtor's estate may be considered to be a person who stands "in the shoes of the debtor." Wright v. Fin. Serv. of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir. 1994). See also Barasch v. Estate Info. Servs., LLC, 07-CV-1693, 2009 U.S. Dist. LEXIS 79338, at *8-*9 (E.D.N.Y. Sept. 3, 2009) ("Regarding the first option [for establishing standing] -- that she be 'standing in the shoes' of the consumer -- Plaintiff has disclaimed reliance on it. The debt collection notice at issue was directed to the Estate of Peter Sheran, and Plaintiff does not claim to be 'standing in his shoes' by suing on behalf of the estate."). Here, Plaintiff has not alleged that he stands in the shoes of his father, Paul Miller.

A.    Plaintiff is not a "consumer" under the FDCPA

Plaintiff contends that he is not obligated to pay the debt incurred by his father, Paul Miller, during Paul Miller's stay at the Parker Jewish Institute (Complaint ¶ 17 ("Plaintiff has no legal liability for the debts of Paul Miller."). Thus, Plaintiff can be considered a consumer only if Defendants had alleged that he was obligated to pay Paul Miller's debt. 15 U.S.C. § 1692a(3) (defining "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."). Defendants, however, never made any such allegation.

The March 10, 2010 letter sent by Defendants was the only communication sent by them to Plaintiff. There is no language in that letter -- which expressly referenced a debt incurred by Paul Miller and enclosed the invoice identifying Paul Miller as the resident for whom services were rendered -- from which it can reasonably be inferred that Defendants alleged that Plaintiff was *obligated* to pay his father's debt. (Complaint Exhibit A.) At most, Defendants requested that Plaintiff "[k]indly forward any and all remittances to our firm, made payable to Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP[,]" and "[i]f you do not dispute the validity of this debt, please send in your payment to this office." (Id.)

That Defendants simply requested that Plaintiff pay his father's debt cannot reasonably be construed as an allegation that Plaintiff was obligated to pay the debt. Cf. Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474, 477 (E.D. Pa. 2007) ("According to the Complaint, *Defendants demanded money from Diaz and even threatened to take possession of her belongings if she did not pay them.* The Complaint thus alleges that Defendants alleged Diaz to be obligated to pay a debt.") (italics added); Wenrich v. Robert E. Cole, P.C., Civil Action No. 00-2588, 2000 U.S. Dist. LEXIS 18687, at *12 (E.D. Pa. Dec. 26, 2000) ("Parents allege that Defendants sent them a letter stating that, as guarantors of their daughter's lease, they were

8

'responsible with her to pay.' Parents have alleged facts that, if true, establish that they are natural persons 'allegedly obligated to pay any debt.'"); <u>Villareal v. Snow</u>, No. 95 C 2484, 1996 U.S. Dist. LEXIS 660, at *6-*7 (E.D. Ill. Jan. 16, 1996) (holding that plaintiff who received a letter from debt collector "concerning the taking of legal action against you on your account," and stating that "unless you contact Heidi Glassburn at Beneficial Illinois Inc. . . . I shall recommend to my client that they proceed against you[,]" was a consumer); <u>Whatley v. Universal Collection Bureau, Inc.</u>, 525 F. Supp. 1204, 1205 (N.D. Ga. 1981) (holding that parents of debtor had standing to sue where debt collector "threatened them over the phone in connection with defendant collection agency's attempts to recover [the son's] debt . . . .").

Inasmuch as Defendants did not demand money from Plaintiff, tell Plaintiff that he was responsible to pay his father's debt, or threaten to take legal action against Plaintiff if the debt remained unpaid, they did not allege that Plaintiff was obligated to pay the debt. Accordingly, Plaintiff cannot be considered a consumer under the FDCPA because: 1) he was not obligated to pay the debt incurred by his father (Complaint ¶ 17); and 2) Defendants did not allege in the March 10, 2010 letter that he was obligated to pay his father's debt. (Complaint Exhibit A.) As a result, Plaintiff cannot sue Defendants for purported violations of the statute unless he can demonstrate that he suffered "injurious exposure" from the March 10, 2010 letter, which he cannot. <u>Schwartz</u>, 2009 U.S. Dist. LEXIS at *11-*12; <u>Barasch</u>, 2009 U.S. Dist. LEXIS 79338, at *10.

B.   <u>Plaintiff has not suffered -- and does not allege -- injurious exposure</u>

Nowhere in his Complaint does Plaintiff allege that he suffered "injurious exposure" from Defendants' March 10, 2010 letter. He does not because he cannot. Although reading a letter that purportedly violates the FDCPA may constitute an "exposure" to an offending

communication, it is not *injurious* exposure. <u>Barasch</u>, 2009 U.S. Dist. LEXIS 79338, at *10 ("Reading the challenged letter by itself amounts only to 'exposure' to the communication -- the language in *Sibersky* requires injurious exposure."). Additionally, there were no threats in the letter, and -- tellingly -- Plaintiff does not allege that Defendants engaged in conduct violative of 15 U.S.C. § 1692d.[3] <u>Bank</u>, 2009 U.S. Dist. LEXIS 47985, at *16-*17 (holding that Plaintiff sufficiently alleged "injurious exposure" from approximately 30 voicemail messages left by debt collector for Plaintiff in violation of 15 U.S.C. § 1692d).

Because Plaintiff has not alleged any injurious exposure from the March 10, 2010 letter concerning his father's debt, he does not have standing to sue for a violation of *any* provision of the FDCPA, including those which are not limited to the protection of consumers. <u>Schwartz</u>, 2009 U.S. Dist. LEXIS at *11-*12; <u>Barasch</u>, 2009 U.S. Dist. LEXIS 79338, at *10; <u>Bank</u>, 2009 U.S. Dist. LEXIS 47985, at *15-*16. The Complaint should therefore be dismissed with prejudice in its entirety.

---

[3] 15 U.S.C. § 1692d prohibits a debt collector from harassing any person in connection with the collection of a debt:

**§ 1692d.      Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

## POINT II

### COUNT I OF THE COMPLAINT, WHICH IS PREDICATED ON A PURPORTED VIOLATION OF 15 U.S.C. § 1692g, SHOULD BE DISMISSED

In Count I of the Complaint, Plaintiff attempts to plead a violation of 15 U.S.C. § 1692g,

which sets forth the information that must be included in a debt validation notice:

§ **1692g. Validation of debts**

**(a)** **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

According to Plaintiff, Defendants violated § 1692g because the March 10, 2010 letter

provided that Abrams Fensterman "is allowed by law to commence a legal proceeding during the

30 day debt validation period," without also stating that "if verification is requested, collection

activity will cease until it is provided." (Complaint §§ 23, 24.)

11

This claim, however, is entirely without merit because *there is no language in § 1692g that requires a debt collector to include in the validation notice, a statement that collection activity will cease if verification is requested.* Rather, the statute merely provides that if the debtor gives timely written notice to the debt collector that the debt is disputed, or requests in writing the name and address of the original creditor, collection activity shall cease until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and mails that information to the debtor. 15 U.S.C. § 1692g(b).[4] Because Defendants' March 10, 2010 letter includes all the information required under § 1692g(a), it cannot form the basis of a claim under § 1692g. Richeson v. Javitch, Block & Rathbone, 576 F. Supp. 2d 861, 867 (N.D. Ohio 2008) ("Because the Validation Notice contained all the information required by the statute and clearly conveyed that information in a manner that would not mislead the least sophisticated consumer, Plaintiff's claim under *§ 1692g* fails as a matter of law.").

Nevertheless, in the October 11, 2010 letter to the Court from Plaintiff's counsel (Docket Entry No. 20), it appears that Plaintiff's argument that Defendants violated § 1692g is based on the recent decision of the U.S. Court of Appeals for the Second Circuit in Ellis v. Solomon &

---

[4] 15 U.S.C. § 1692g(b) provides that:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Solomon, P.C., 591 F.3d 130 (2d Cir. 2010). Unfortunately for Plaintiff, Ellis is wholly inapposite.

As Plaintiff has conceded, the Ellis Court held that a validation notice, such as the March 10, 2010 letter sent by Defendants, is "overshadowed where a debt collector serves a consumer with process initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice." (October 11, 2010 letter, at 3 (quoting Ellis, 591 F.3d at 136).) By relying on Ellis, Plaintiff erroneously equates the March 10, 2010 letter with service of process. It is not.

Ellis would apply if Defendants -- during the thirty-day debt validation period that commenced after Plaintiff received the March 10, 2010 letter -- served Plaintiff with process initiating a lawsuit without clarifying that the commencement of suit had no effect on the information conveyed in the March 10, 2010 letter. Defendants, however, were not obligated to inform Plaintiff that "if verification is requested, collection activity will cease until it is provided" (Complaint ¶ 24), because they did not commence a lawsuit against Plaintiff or engage in any other collection activities during this period. 15 U.S.C. § 1692g(b) ("Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."); Ellis, 591 F.3d at 136-137 ("Of course, debt collectors may continue collection activities, including commencing litigation, during the validation period; but in doing so the debt collector must not transgress *§ 1692g(b)*'s proscription of collections activities that 'overshadow or . . . [are] inconsistent with' the validation notice.").

There is no dispute that the March 10, 2010 letter was the *only* communication sent by Defendants to Plaintiffs. It was therefore Plaintiff's receipt of that letter -- and not an earlier

communication -- that triggered the 30-day validation period. 15 U.S.C. § 1692g(a). Thus, no reasonable argument can be made that the March 10, 2010 letter constituted the continuation of debt collection activity during the 30-day validation period such that Defendants were required to explain to Plaintiff the relationship between the March 10, 2010 letter and the provisions in some earlier validation notice. Ellis, 591 F.3d at 136 ("As explained by the District Court, '[w]ithout some explanation to the consumer of the relationship between [the] suit and [the] provisions in the notice, it may well appear to the least sophisticated consumer that being taken to court trumps any other out-of-court rights she had.'") (quoting Ellis v. Solomon & Solomon, P.C., 599 F. Supp. 2d 298, 304 (D. Conn. 2009)).

Plaintiff's reliance on Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997), is also unavailing. In Bartlett, the debt collector sent a dunning letter which, in addition to paraphrasing the language of § 1692g(a), warned the debtor that he had to pay part of the debt or make arrangements for payment in order to forestall litigation against him:

> A credit-card company hired lawyer John Heibl, the defendant in this case, to collect a consumer credit-card debt of some $1,700 from Curtis Bartlett, the plaintiff. Heibl sent Bartlett a letter, which Bartlett received but did not read, in which Heibl told him that "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter": pay $316 toward the satisfaction of the debt, or get in touch with Micard (the creditor) "and make suitable arrangements for payment. If you do neither, it will be assumed that legal action will be necessary." Under Heibl's signature appears an accurate, virtually a literal, paraphrase of *section 1692g(a)*, advising Bartlett that he has thirty days within which to dispute the debt, in which event Heibl will mail him a verification of it. At the end of the paraphrase Heibl adds: "suit may be commenced at any time before the expiration of this thirty (30) days."

Bartlett, 128 F.3d at 499.

14

The Court found that telling the debtor that he would be sued if he did not make payment within a week, while at the same time advising the debtor that he had thirty days to dispute the debt, was an "outright contradiction" requiring that judgment be entered in favor the debtor:

> On the one hand, Heibl's letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish. That's as bad as an outright contradiction.

Id. at 501.

By contrast, the March 10, 2010 letter did not threaten Plaintiff with a lawsuit if he did not pay within the thirty-day validation period the debt incurred by his father.  In fact, Defendants' letter did not threaten *any* legal action against Plaintiff or anyone else. (Complaint Exhibit A ("To avoid confusion, please be advised that this office is allowed by law to commence a legal proceeding during the 30 day debt validation period.").)  Thus, the uncertainty thrust upon the debtor in <u>Bartlett</u> is simply not present here.

Even the least sophisticated consumer in Plaintiff's position would not be left wondering what good it would do him to dispute the debt, because -- unlike the debt collector in <u>Bartlett</u> -- *Defendants never told Plaintiff that they were going to sue him if he did not pay the debt within the thirty-day period.*  <u>Ellis</u>, 591 F.3d at 135 (holding that the least sophisticated consumer "is neither irrational nor a dolt.").  Rather, *Defendants essentially told Plaintiff that the debt did not have to be paid if it was disputed.*  (Complaint Exhibit A ("If you do not dispute the validity of this debt, please send in your payment to this office.").)  Thus, even if Plaintiff had standing to sue for a violation of §1692g -- and he does not -- Count I of the Complaint should be dismissed because Defendants were under no obligation to include in the March 10, 2010 letter the

statement that if verification is requested, collection activity would cease until it is provided.  15

U.S.C. § 1692g(a).

**POINT III**

**COUNT II OF THE COMPLAINT SHOULD BE
DISMISSED BECAUSE DEFENDANTS DID NOT USE ANY
FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS, OR
<u>ANY UNFAIR OR UNCONSCIONABLE MEANS, TO COLLECT A DEBT</u>**

In Count II of the Complaint, Plaintiff alleges, <u>inter alia</u>, that Defendants violated 15

U.S.C. §§ 1692e, 1692(e)(2)(A), 1692(e)(5), 1692(e)(10), 1692f and 1692f(1) "by sending a

collection demand to someone who did not owe the debt."  (Complaint ¶ 35.)  This assertion has

no merit, however, because the March 10, 2010 letter to Plaintiff did not contain any false,

deceptive or misleading representations, and did not constitute the use of unfair or

unconscionable means to collect a debt.

A.     <u>The March 10, 2010 letter did not violate 15 U.S.C. § 1692e or any subsection thereof</u>

Section 1692e proscribes the use of any false or misleading practices in the collection of

any debt, and sets forth a non-exhaustive list of what constitutes such a practice:

> **§ 1692e.     False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt.  Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> *          *          *
>
> (2)     The false representation of --
>
> > (A) the character, amount or legal status of any debt;
>
> *          *          *
>
> (5)     The threat to take any action that cannot legally be taken or that is not
> intended to be taken.

16

*　　　*　　　*

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, 1692(e)(2)(A), 1692(e)(5), 1692(e)(10).

"The most widely accepted test for determining whether a collection letter violates *§ 1692e* is an objective standard based on the 'least sophisticated consumer.'" <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).  The basic purpose of this "standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  <u>Id.</u>  Although the hypothetical least sophisticated consumer is not as astute as a "Philadelphia lawyer," or even as sophisticated as an "average, everyday, common consumer," he is also neither irrational nor a dolt.  <u>Ellis</u>, 591 F.3d at 135.

When this standard is applied here, it is clear that Defendants did not violate § 1692e or any of its subsections, because there were no false, misleading or deceptive representations of any kind in the March 10, 2010 letter to Plaintiff.  That letter expressly referenced Paul Miller as the person who incurred the debt that Defendants were trying to collect, and enclosed the invoice from the Parker Jewish Institute identifying Paul Miller as the resident from whom payment was due.  (Complaint Exhibit A.)  Moreover, as set forth above, there was no language in the March 10, 2010 letter from which it can be inferred that Plaintiff was allegedly obligated to pay the debt incurred by his father.  (See supra Point I.A.)  Finally, Plantiff's March 19, 2010 letter to Abrams Fensterman seeking verification that he, "Michael Miller, [is] obliged to pay $566.00 of this disputed debt[,]"(March 19, 2010 letter from Michael Miller to Angela Bellizzi, Shah Decl. Ex. 2), demonstrates that he knew that he was not obligated to pay his father's $566 debt.

Accordingly, Plaintiff cannot state a claim for a violation of 15 U.S.C. §§ 1692e, 1692(e)(2)(A), and 1692(e)(10).  <u>Kaniewski</u>, 678 F. Supp. 2d at 546 ("There is no dispute that

Plaintiff knew that Defendant was not attempting to collect a debt from him. . . . The court will therefore grant Defendant's motion with respect to Plaintiff's claims under § 1692e and § 1692f."); Kujawa v. Palisades Collection, L.L.C., 614 F. Supp. 2d 788, 791-92 (E.D. Mich. 2008) ("Here, defendants argue that under the 'least sophisticated consumer' test, plaintiff knew that defendants were *not* attempting to collect on a debt owed by him. The Court agrees. Although plaintiff was sent a release of garnishment and notice of judgment lien, he states in his affidavit that the social security number listed on the garnishment release and judgment lien was not his.").

Plaintiff also cannot state a claim for a violation of § 1692e(5), which prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. "To establish a violation of § 1692e(5), plaintiff must show that defendants (1) threatened to take an action (2) that could not legally be taken or that was not intended to be taken. To determine whether a communication from a debt collector constitutes a threat, the reviewing court should look to the language used as a whole." Baptist v. Global Holding & Inv. Co., L.L.C., Civil Action No. 04-CV-2365, 2007 U.S. Dist. LEXIS 49476, at *6 (E.D.N.Y. July 9, 2007).

In Baptist, the Court observed that a "communication that only advises a debtor that the collection agency has several options with which to pursue the debt will generally not be found to constitute a threat," but "an explicit threat of litigation or an implication that legal action is inevitable, when such is not the case, will violate § 1692e(5)." Id. at *7-*8. Here, the purportedly threatening language in the March 10, 2010 letter, i.e., "[t]o avoid confusion, please be advised that this office is allowed by law to commence a legal action proceeding during the 30 day debt validation period[,]" cannot reasonably be construed as an impermissible threat of

18

legal action because it merely mentions that legal action is an option permitted by law. If a debt collection letter that includes the statement that "it is our intent to pursue collection of this debt through every means available," did not violate § 1692e(5), Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005), then certainly, the March 10, 2010 letter did not contravene that provision. Id. at 159 ("To the contrary, [the debt collector's follow-up letter] merely advised Plaintiff that in the event that she did not pay the debt or dispute it, Defendant may avail itself of any of its legal options, which included sending more collection letters and instituting legal action. Plaintiff's argument that this is unlawful is a misstatement of the law.").

B.  The March 10, 2010 letter did not violate 15 U.S.C. §§ 1692f or 1692f(1)

Section 1692f generally prohibits unfair practices in connection with the collection of any debt:

> **§ 1692f.  Unfair practices**
>
> A debt collector may not use unfair or unconscionable means to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Inasmuch as the March 10, 2010 letter notified Plaintiff that the subject debt had been incurred by Plaintiff's father Paul Miller, and enclosed the Parker Jewish Institute's invoice for services rendered to Paul Miller, Defendants did not use "any unfair or conscionable means to collect any debt." 15 U.S.C. § 1692f. Additionally, Defendants did not violate § 1692f(1) because even the least sophisticated consumer would have known that Defendants were not attempting to collect a debt owed by him. Kaniewski, 678 F. Supp. 2d at 545 (granting debt

collector's motion for summary judgment dismissing plaintiff's claim pursuant to 15 U.S.C. § 1692f on ground that plaintiff "knew that Defendant was not trying to collect a debt owed by him."); Kujawa, 614 F. Supp. 2d at 791-92.

## CONCLUSION

In sum, Plaintiff does not have standing to bring this action because he is neither a consumer, nor a person standing in the shoes of a consumer, and he has not alleged (or suffered) injurious exposure from his receipt of Defendants' March 10, 2010 letter. Even if Plaintiff had standing, however, the Complaint should be dismissed, because the March 10, 2010 letter contained all the information required under § 1692g, did not contain any false, deceptive or misleading representation in violation of § 1692e or any of its subsections, and did not use any unfair or unconscionable means to collect a debt in violation of §§ 1692f or 1692f(1). Accordingly, Defendants' motion for judgment on the pleadings should be granted, and Plaintiff's Complaint should be dismissed with prejudice in its entirety.

Dated: New York, New York
       November 19, 2010

MOUND COTTON WOLLAN & GREENGRASS

By:    s/Sanjit Shah
       Kenneth M. Labbate (KL-1074)
       Sanjit Shah (SS-0148)
       One Battery Park Plaza
       New York, New York 10004
       (212) 804-4200 (Phone)
       (212) 344-8066 (Fax)
       klabbate@moundcotton.com
       sshah@moundcotton.com

       Attorneys for Defendants
       *Abrams, Fensterman, Fensterman, Eisman,*
           *Greenberg, Formato & Einiger, LLP and Robert*
           *Fensterman*

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL MILLER,
individually and on behalf of the classes defined herein,

                     Plaintiff,

    v.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENBERG, FORMATO & EINIGER, LLP, and
ROBERT FENSTERMAN,

                    Defendants.
-------------------------------------------------------------------X

**Civil Action No.
2:10-cv-02156-JFB-AKT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Memorandum of Law in Support of their Motion for Judgment on the Pleadings Dismissing Plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure was served by regular mail and electronic mail on the 19th day of November 2010 upon those persons or entities listed below.

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603

Abraham Kleinman, Esq.
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626

*Attorneys for Plaintiff*

                                    s/Sanjit Shah
                                    Sanjit Shah (SS-0148)