**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
MICHAEL MILLER,                                :
individually and on behalf of the class defined   :
herein,                                        :
                                               :     10-cv-2156
                   Plaintiff,                  :
                                               :     Judge Bianco
              v.                               :
                                               :     Magistrate Judge Tomlinson
ABRAMS, FENSTERMAN, FENSTERMAN,                :
EISMAN, GREENBERG, FORMATO &                   :
EINIGER, LLP, and ROBERT FENSTERMAN,           :
                                               :
                   Defendants.                 :
---------------------------------------------------------------x
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

Abraham Kleinman
KLEINMAN, LLC
626 RexCorp Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>TABLE OF CONTENTS</u>

I.  STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  THE FAIR DEBT COLLECTION PRACTICES ACT . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  PLAINTIFF HAS STANDING AS THE INTENDED RECIPIENT AND TARGET OF
DEFENDANTS' ABUSIVE DEBT COLLECTION PRACTICES . . . . . . . . . . . . . . . . 5

    A.  Plaintiff is a "Consumer" Under §1692a(3) Because Defendant's Letter Alleges
that Plaintiff is Obligated to Pay the Debt of His Father . . . . . . . . . . . . . . . . . . . . 5

    B.  Plaintiff Has Alleged Injurious Exposure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

IV.  DEFENDANTS VIOLATED §1692g OF THE FDCPA BY DEMANDING PAYMENT
FROM SOMEONE KNOWN NOT TO OWE THE DEBT . . . . . . . . . . . . . . . . . . . . . 10

V.  DEFENDANTS' ATTEMPTS TO COERCE PAYMENT FROM PLAINTIFF FOR HIS
FATHER'S DEBT IS A VIOLATION OF §1692e AND §1692f . . . . . . . . . . . . . . . . . . 14

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

i

## TABLE OF AUTHORITIES

**CASES**

Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557 (D. Conn. 1993) . . . . . . . . . . 16

Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Bank v. Pentagroup Financial, LLC, 2009 U.S. Dist. LEXIS 47985, at *15-16 (E.D.N.Y. June 9, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Baptist v. Global Holding & Inv. Co., L.L.C., 2007 U.S. Dist. LEXIS 494766 (E.D.N.Y. July 9, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Bartlett v. Heibl, 128 F.3d 497 (7th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-14

Cacace v. Lucas, 775 F.Supp. 502 (D.Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 11

Chiverton v. Federal Financial Group, Inc., 399 F. Supp. 2d 96 (D. Conn. 2005) . . . . . . . . . . 16

Cleveland v. Caplaw Enters., 488 F.3d 518 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Clomon v. Jackson, 988 F.2d 1314(2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 15

Committee v. Dennis Reimer Co., L.P.A., 150 F.R.D. 495 (D.Vt. 1993) . . . . . . . . . . . . . . . . . 16

Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . 3

Desiano v. Warner-Lambert & Co., 467 F.3d 85 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474 (E.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . 6, 7

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ehrich v. I.C. System, Inc., 681 F. Supp. 2d 265 (E.D.N.Y. January 20, 2010) . . . . . . . . . . . . 12

Ellis v. Solomon and Solomon, P.C., 591 F.3d 130 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . 13, 14

Greco v. Trauner, Cohen & Thomas, L.L.P, 412 F.3d 360 (2d Cir. 2005) . . . . . . . . . . . . . . . . 15

Horkey v. J.V.D.B. & Assoc., 333 F. 3d 769 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Jacobson v. Healthcare Financial Services, Inc., 516 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kaniewski v. National Action Financial Services, 678 F. Supp. 2d 541 (E.D. Mich. 2009) . . . 16

Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kuhn v. Account Control Technol., 865 F.Supp. 1443 (D.Nev. 1994) . . . . . . . . . . . . . . . . . . . . 5

Kujawa v. Palisades Colletion, LLP, 614 F. Supp.2d 788 (E.D.Mich 2008) . . . . . . . . . . . . . . 16

Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Miller v. Wolpoff & Abramson, L.L.P, 321 F.3d 292 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 5

Nasca v. GC Services Limited Partnership, 2002 U.S. Dist. LEXIS 16992 (S.D.N.Y. 2002) . . . 3

Riveria v. MAB Collections, Inc., 682 F.Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . 5

Russell v. Equifax, A.R.S., 74 F.3d 30 (2d Cir 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774 (2d Cir. 1984)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Savino v. Computer Credit, Inc., 164 F.3d 81 (2nd . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 6

Seller v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 3

Shapiro v. Dun & Bradstreet Receivable Management Services, Inc., 209 F.Supp. 2d 330 (S.D.
N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Sibersky v. Borah, Goldsten, Altschuler & Schwartz, P.C., 155 Fed. Appx. 10 (2d Cir, 2005)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Simmons v. Roundup Funding, LLC, 662 F.3d 93 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . 4

Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . 17

Villareal v. Snow, No. 95 C 2484, 1996 U.S. Dist. LEXIS 660, at *6-*7 (N.D. Ill. Jan. 16, 1996)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

iii

Wenrich v. Robert E. Cole, P.C., No. 00-2588, 2000 U.S. Dist. LEXIS 18687 at *12 (E.D. Pa. Dec. 26, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

West v. Costen, 558 F. Supp. 564 (W.D.Va. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204 (N.D. Ga. 1981) . . . . . . . . . 6

Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724 and n.3 (D.Conn. 1990) . . . . . . . . . . . . . 5

## STATUTES AND OTHER

15 U.S.C. §1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

15 U.S.C. §1692a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

15 U.S.C. § 1692c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15 U.S.C. §1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 14-17

15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 14-17

15 U.S.C. §1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 10-13

42 U.S.C. §1396r(c)(5)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

S.Rep. No. 95-382, 95th Cong., 1st. Sess., p. 3, *reprinted in* 1977 USCCAN 1695 . . . . . . . . . . 6

### Introduction

On March 10, 2010, Defendants Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato& Einiger, LLP ("AFFE") and Robert Fensterman ("Fensterman") (collectively "Defendants") sent Plaintiff Michael Miller the letter attached to the Complaint as <u>Exhibit A</u>. (Complaint ("Cmplt.") ¶14). It was signed by defendant Robert Fensterman. (<u>Id.</u>). The letter is a form letter from a law office, on the letterhead of AFFE, and states "Attorneys at Law." (Cmplt. Ex. A). The letter sought to collect a nursing home bill incurred by Paul Miller, Michael Miller's father. (Cmplt. ¶15). The letter is addressed to "Michael Miller" at Michael's home address. Despite the fact that, as an adult son, Michael Miller has no legal liability for the debts of his father, the letter warns that:

> We have been retained in connection with the outstanding debt due and owing to the facility for care and services provided to the referenced resident.  Please see the enclosed bill.
>
> *In this regard*, unless *you* notify this office within thirty (30) days after receiving this notice that *you* dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid.  If *you* notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail *you* a copy of such judgment or verification.  If you request this notice, this office will provide *you* the name and address of the original creditor, if different from the current creditor.  *This is an attempt to collect a debt, and any information obtained will be used for that purpose.*
>
> *Kindly forward any and all remittance to our firm, made payable to Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato Einiger, LLP*.
>
> \*\*\*
> To avoid confusion, please be advised that this office *is allowed by law to commence a legal proceeding during the 30 day debt validation period*.  Please direct all communications to this office.  If *you* do not dispute the validity of this debt, please send in *your payment* to this office.  *You* may also contact this office to advise of any problems with payment or *to arrange for payment of the amount due*.

1

We trust that *you* will avail yourself of this opportunity to dispose of this claim amicably.

(Cmplt., Ex. A)(emphasis added, except for paragraph beginning "Kindly forward.").

The health care facility on behalf of which <u>Exhibit A</u> was sent, Parker Jewish Institute, accepts Medicare and Medicaid patients. (Cmplt. ¶18).  Federal law prohibits a nursing home which receives Medicaid or Medicare funds from requiring a guarantor for admission from any patient (whether or not that particular patient is a Medicaid or Medicare patient). (Cmplt. ¶19). 42 U.S.C. §1396r(c)(5)(A)(ii) provides:

> **(A) Admission**
>
> > **With respect to admissions practices, a nursing facility must-**
> > **\*\*\***
> > **(ii) not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility; ...**

(Cmplt. ¶ 20).

Plaintiff did not guarantee payment of the debts of Paul Miller.  Even if he did, such a guarantee would not be valid.  (<u>Id.</u>).

Defendants violated the FDCPA by sending a collection demand to someone who did not owe the debt. (Cmplt. ¶35 and 36) Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5),1692e(10), 1692f and 1692f(1).  (Cmplt. ¶36).  Defendants have conceded that Plaintiff, the recipient of their collection letter, did not owe any debt to the nursing home.  (Def. Memo., pp. 1, 3, 6-9, 17)

Plaintiff further alleges that the statement that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period," is not permitted and violates 15 U.S.C. §1692g unless the collection demand also states that if verification is requested,

2

collection activity will cease until it is provided.  (Cmplt. ¶24).

**Argument**

## I.   STANDARD

The courts apply the same standard of review to a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) as they do to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Cleveland v. Caplaw Enters., 488 F.3d 518 (2d Cir. 2006); Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006).  The court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of plaintiff.  Id.

"Dismissal under 12(c) is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings."  Seller v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).  In assessing a 12(c) motion the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The Court can dismiss the claim only if, assuming all facts alleged to be true, the plaintiff still fails to plead the basic elements of a cause of action."  Nasca v. GC Services Limited Partnership, 2002 U.S. Dist. LEXIS 16992 (S.D.N.Y. 2002).

Finally, as a general rule, such motions, like motions under Rule 12(b)(6), are disfavored, and should be granted sparingly and with caution, only where it appears with certainty that no set of facts could be proved at trial which would entitle plaintiff to any relief.  Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961).

## II.   THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection

3

practices by debt collectors."15 U.S.C. §1692(e). The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Simmons v. Roundup Funding, LLC, 662 F.3d 93, 96 (2d Cir. 2010); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998);  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

The Act also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g. Section 1692g requires that the initial debt collection letter (or one sent within five days thereafter) contain a "validation notice" which must inform the consumer how to dispute and obtain verification of the debt within thirty days from receiving the letter.  15 U.S.C. §§1692g(a)(3), (a)(4); Shapiro v. Dun & Bradstreet Receivable Management Services, Inc., 209 F.Supp. 2d 330 (S.D. N.Y. 2002).  Section 1692e of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." Russell v. Equifax, A.R.S., 74 F.3d 30, 34 (2d Cir 1996); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).  "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  Clomon, supra.

Finally, statutory damages are recoverable for violations, whether or not the plaintiff

proves actual damages.  Miller v. Wolpoff & Abramson, L.L.P, 321 F.3d 292, 307 (2d Cir. 2003);

Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 727 and n.3 (D.Conn.

1990); Cacace v. Lucas, 775 F.Supp. 502 (D.Conn. 1990); Riveria v. MAB Collections, Inc., 682

F.Supp. 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F.Supp. 1443, 1450

(D.Nev. 1994).

### III.   PLAINTIFF HAS STANDING AS THE INTENDED RECIPIENT AND TARGET OF DEFENDANTS' ABUSIVE DEBT COLLECTION PRACTICES

Defendants' request for dismissal on the basis that the Plaintiff, Michael Miller,  does

not have standing is inconsistent with the text and purpose of the FDCPA.  Plaintiff, as the intended

recipient of the letter and the clear target of Defendants' abusive debt collection practices, is the only

person who has standing to bring the current action.

### A.   Plaintiff is a "Consumer" Under §1692a(3) Because Defendant's Letter Alleges that Plaintiff Is Obligated to Pay the Debt of His Father

Defendants' letter clearly attempts to seek payment from Plaintiff for his father's

debt.  The letter is addressed to "Michael Miller" at Michael's home address.  The letter warns that

" ...unless *you*" - Michael Miller - "notify this office within thirty (30) days after receiving this

notice that *you* dispute the validity of the debt or any portion thereof, this office will assume that the

debt is valid.  If *you* notify this office in writing within 30 days from receiving this notice, this office

will obtain verification of the debt or obtain a copy of the judgment and mail *you* a copy of such

judgment or verification....."  The letter demands payment from Plaintiff: "Kindly forward ***any and

all remittance to our firm***....If *you* do not dispute the validity of this debt, please send in ***your

payment*** to this office.  We trust that *you* will avail yourself of this opportunity to dispose of this

claim amicably." The letter appears on letterhead from the law firm and states that it "is allowed by

5

law to commence legal proceedings." The letter is intended to coerce the recipient of the letter to make payments for someone else's debt, otherwise "legal proceedings" will be commenced. Plaintiff Michael Miller is clearly the intended recipient of the letter and the clear target of Defendants' deceptive debt collection practices.  There is no other person to bring the current action.

Even if Plaintiff does not owe his father's debt, he has standing under the FDCPA because Defendants sought to collect the debt from him.  Plaintiff Miller, as a "natural person obligated or *allegedly obligated* to pay any debt," clearly fits the definition of "consumer," 15 U.S.C. §1692a(3).  Section 1692a(4) defines "debt" as "any obligation or *alleged obligation* of a consumer to pay money...."  In Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 538 (7th Cir. 2003), the Court held that the FDCPA definitions of debt and consumer "extends the reach of the statute to collection activities *without regard to whether the debt sought to be collected is actually owed.*"  (Emphasis added).  The FDCPA was in fact created in part to "eliminate the recurring problem of debt collectors dunning the wrong person..." S.Rep. No. 95-382, 95th Cong., 1st. Sess., p. 3, *reprinted in* 1977 USCCAN 1695, 1697.  As the intended recipient of the letter and person from whom Defendants sought to collect the debt, Plaintiff unquestionably is a "consumer" who has standing to bring the current action.

Defendants cite a series of cases which actually support the proposition that Plaintiff is a consumer and has standing to sue under the FDCPA, §1692.  See Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474, 477 (E.D. Pa. 2007); Wenrich v. Robert E. Cole, P.C., No. 00-2588, 2000 U.S. Dist. LEXIS 18687 at *12 (E.D. Pa. Dec. 26, 2000); Villareal v. Snow, No. 95 C 2484, 1996 U.S. Dist. LEXIS 660, at *6-*7 (N.D. Ill. Jan. 16, 1996); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1205 (N.D. Ga. 1981).

For example in <u>Diaz,</u> the Court held that, notwithstanding the fact that Defendants were attempting to collect someone else's debt from the plaintiff, because the complaint contained allegations "that Defendants alleged [plaintiff] to be obligated to pay a debt," the plaintiff qualified as a consumer under the Act and could maintain an action against the defendants. 486 F. Supp. 2d at 477. Here too, Plaintiff specifically alleges that Defendants' letter "purports to demand payment from plaintiff for the debts of Paul Miller." (Cmplt. ¶21). The language of the letter shows that Defendants were demanding payment from Plaintiff: "Kindly forward ***any and all remittance to our firm***....If ***you*** do not dispute the validity of this debt, please send in ***your payment*** to this office. We trust that ***you*** will avail yourself of this opportunity to dispose of this claim amicably."

Similarly in <u>Wenrich</u>, the parents of the debtor who received collection letters asserting that they were "responsible with her to pay," were held to have "alleged facts that, if true, establish that they are natural persons 'allegedly obligated to pay any debt.'" 2000 U.S. Dist. LEXIS 18687 at *12 , citing 15 U.S.C. §1692a(3).

Finally, in <u>Villareal</u>, the defendant also attempted to skirt liability on the argument that because the plaintiff, from whom defendant demanded payment, was not actually obligated to pay, he could not be considered a "consumer" under the Act. The Court found defendant's argument to be "absurd." "Under [defendant's proposition] a letter seeking payment that was addressed to an individual who was in no way obligated or allegedly obligated on a debt would not be covered by the FDCPA, while a letter sent to an individual who was obligated would be covered." The Court held that "[t]he 'allegedly obligated' language of the statute is better interpreted to include a situation in which the letter complained of itself alleges the individual is obligated to pay a debt." 1996 U.S. Dist. LEXIS 660, at *5-*7.

7

Similar to the present set of facts, in <u>Dutton v. Wolhar</u>, 809 F. Supp. 1130, 1135 (D. Del. 1992), the Court held that a son who received a letter regarding a debt incurred by his father, who had the same name but lived at a different address, could sue the debt collector. Here, the letter was most certainly directed at Plaintiff as it was addressed to him at his home address and demanded that Plaintiff, not his father, pay the debt.

The legislative history of the statute also supports extending the protection of the FDCPA to persons other than those obligated on a debt, who received a communication from a debt collector:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. ***Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by...this bill***. Certainly a person who ...is being hounded by a debt collector because of the debts of another person deserves the protection this legislation will offer.

H.R.Rep.No. 95-131, at 8 (1977).

Defendants admit that Plaintiff was not the person obligated to pay the debt. The FDCPA is specifically intended to protect persons who were wrongfully dunned. <u>Id.</u>; 15 U.S.C. §1692.

Furthermore, the Parker Jewish Institute is a nursing home that receives Medicaid or Medicare Funds. Federal statute, 42 U.S.C. §1396r(c)(5)(A)(ii), prohibits such nursing homes from requiring payment from family members. No collection letters should be sent to family members.

### B.    Plaintiff Has Alleged Injurious Exposure

Even if Plaintiff is required to allege injurious exposure, which he is not because he

8

is clearly the type of "consumer" that the statute was intended to protect, Plaintiff still maintains a

claim as he has alleged injurious exposure to Defendants' abusive collection techniques.  Defendants

sent Plaintiff a collection letter on letterhead from an attorneys' office demanding that he make a

payment on someone else's debt in order to avoid "legal proceedings" which are "allowed by

law."(Cmplt. ¶¶ 14-27).  As the recipient of the letter and the intended target of Defendants'

deceptive practices, Plaintiff has alleged injurious exposure.

Defendants' reliance on Sibersky v. Borah, Goldsten, Altschuler & Schwartz, P.C.,

155 Fed. Appx. 10, 11-12 (2d Cir, 2005) and related cases is misplaced.  Not only are the facts

distinguishable, but the holding is not as far reaching as Defendants would have this Court believe.

In Sibersky, the court held that the plaintiff lacked standing with respect to a letter that was

addressed to the plaintiff's wife because the plaintiff husband had not "plead some injurious

exposure to the communication..."  Id.  There, the plaintiff's wife was solely obligated for the debt

and the collection letters were addressed to and received by plaintiff's wife only.  See Sibersky v.

Borah, Goldstein, Altschuler & Schwartz, P.C., 2000 U.S. Dist. LEXIS 14043, 13-17 (S.D. N.Y.

September 22, 2000).  Here, although Plaintiff is not lawfully obligated to pay the debt of his father,

Defendant's intent was to coerce payment from him and the letter was clearly addressed and

delivered to Plaintiff.

Furthermore, although the Second Circuit did not define "injurious exposure" in

Sibersky, it appeared to require only that the non-consumer plaintiff prove that he was harmed under

the particular provision of §1692- in other words, the offending communication was directed at

plaintiff.  Id. Here, the abusive act is coercing payments from unsuspecting family members and

friends of sick elderly patients.  The abusive practice is directly aimed at Plaintiff.

The court in <u>Bank v. Pentagroup Financial, LLC</u>, 2009 U.S. Dist. LEXIS 47985, at *15-16 (E.D.N.Y. June 9, 2009), also cited by Defendants, applied <u>Sibersky's</u> "injurious exposure" requirement to a non-consumer plaintiff's claims under §1692d and held that "in order for [the plaintiff] to have standing to sue under the FDCPA where an allegedly offending communication was made to a person other than a consumer or a person standing in the consumer's shoes, he would have to plead some injurious exposure to the communication." 2009 U.S.Dist. LEXIS 47985, at *15-16. The court found that the plaintiff pled injurious exposure under §1692d "[b]ased on the volume of calls here and the fact that some did not identify the debt consumer or contain a return phone number..." <u>Id.</u> <u>Sibersky</u> and <u>Bank</u> make clear that a plaintiff may plead facts supporting injurious exposure by alleging receipt of communications that violate the FDCPA. Here, Plaintiff was exposed to a threat of being sued by a law firm claiming the right "by law" to "commence a legal proceeding."

Here, Plaintiff has successfully plead facts demonstrating injurious exposure. The Court is not required to expand the injurious exposure requirement to require that plaintiff demonstrate actual harm, as Defendants appear to suggest. (Def. Memo., pp. 6-10). The test is whether the consumer could deceive the "least sophisticated consumer" and here, the letter clearly could. The fact that Plaintiff knows his rights does not diminish his standing to sue.

## IV. DEFENDANTS VIOLATED §1692g OF THE FDCPA BY DEMANDING PAYMENT FROM SOMEONE KNOWN NOT TO OWE THE DEBT

Section 1692g requires that the initial debt collection letter (or one sent within five days thereafter) contain a "validation notice" which must inform the consumer of specified information and rights. 15 U.S.C. §1692g(a); <u>Shapiro v. Dun & Bradstreet Receivable Management Services, Inc.</u>, 209 F.Supp. 2d 330 (S.D. N.Y. 2002).

Defendants' collection letter states that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period." Such a statement is not permitted unless the collection demand also states that if verification is requested, collection activity will cease until it is provided.

Defendants argue that "[b]ecause Defendants' March 10, 2010 letter includes all the information required under §1692g(a), it cannot form the basis of a claim under §1692g" and further that "there is no language in §1692g that requires a debt collector to include in the validation notice a statement that collection activity will cease if verification is requested." (Def. Memo., p. 12). Even if all the required information is contained in a validation notice, the debt collector may nevertheless violate the FDCPA if the notice of the debtor's rights is overshadowed, confusing or contradicted by accompanying messages. Jacobson v. Healthcare Financial Servs., 516 F.3d 85, 90 (2d Cir. 2008) (a debt collector "has the obligation, not just to convey the information [required by §1692g(a)], but to convey it clearly."); Chauncey v. JDR Recovery Corp., 118 F.3d 516, 518 (7th Cir. 1997); Bartlett, 128 F.3d 497, 500. A debt collection notice is overshadowing or contradictory if it "fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81 ([2d] Cir. 1998); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." Russell, 74 F.3d at 34; Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). This standard ensures that "purported compliance with the form of the statute [is] not ...given sanction at the expense of the substance of the Act." Jacobson v. Healthcare Financial Serivces, Inc., 516 F.3d 85, 90-91 (2d Cir. 2008),

11

quoting <u>Russell</u>, 74 F.3d 30 at 33.

Under this standard, the mere inclusion of the required statutory debt validation language does not ensure compliance with the FDCPA.  <u>Russell</u>, 74 F. 3d at 35; see also <u>Ehrich v. I.C. System, Inc</u>., 681 F. Supp. 2d 265 (E.D.N.Y. January 20, 2010) (holding that "defendant's technical compliance with the FDCPA was not sufficient to meet the statutory requirements.").  This is especially so where the letter includes "language that overshadows or contradicts other language informing the consumer of her rights." <u>Id</u>. at 34. "A debt collector cannot use 'cunning ways to circumvent §1692g,' abiding by the letter of the law while simultaneously violating the spirit behind the law." <u>Ehrich</u>, 681 F. Supp. 2d at 272, quoting <u>Russell</u>, 74 F.3d at 35).  "[I]t is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood ...."  <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir. 1997);  <u>Russell v. Equifax, A.R.S.</u>, 74 F.3d 30, 34 (2d Cir 1996).

For example, in <u>Bartlett</u>, the collection letter contained all of the required information listed in §1692g(a).  However, below the §1692g(a) information, the letter stated "suit may be commenced at any time before the expiration of this thirty (30) days," language which is very similar to the language used by Defendants here.  <u>Id</u>.  <u>Bartlett</u>, 128 F.3d 497.  The Court held that the letter violated §1692g as a matter of law (the Court  reversed a judgment for the debt collector entered after a bench trial and entered judgment for the consumer) and that the debt collector was required to explain the interrelationship between the statement that the debt collector could sue and the 30 day validation period.  <u>Id.</u>, at 500-501.  The Court noted that the letter "leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day.  He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit." <u>Id.</u>

Specifically, the court "reconciled" the right of the consumer to dispute the debt with the right of the collector to continue collection or file suit by providing "safe harbor" language, that any action to collect will be suspended if the consumer disputes the debt, until verification can be provided. The same applies here.

Similarly, the Second Circuit in Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 136 (2d Cir. 2010), held that a validation notice is "overshadowed where a debt collector serves a consumer with process initiating a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice." The Court explained that "an explanation of the lawsuit's impact –or more accurately lack of impact – on the disclosures made in the validation notice must be provided...Clarifying that commencement of a lawsuit does not trump the validation notice will come at little or not cost to debt collectors and will ensure that the consumer rights secured under the FDCPA are not overshadowed or contradicted."

Accordingly, Defendants' statement that they are "allowed by law to commence a legal proceeding during the 30 day debt validation period" without any explanation of the relationship between the commencement of legal action and the consumer's dispute rights is a violation of 15 U.S.C. §1692g.

Defendants argue that "Plaintiff erroneously equates the March 10, 2010 letter with service of process," and therefore Ellis is not applicable.  (Def. Memo., p. 13).  This is not true. While the specific facts may not be exactly the same, the holding and reasoning still apply.  The FDCPA does not prevent a debt collector from conducting collection activities during the validation period.  However, if verification is sought, collection activities, including litigation must stop until

verification is provided. Id.  Therefore, where a debt collector sends a collection letter to a consumer with the validation notice, but the collector also threatens to file suit, or does file suit, before the expiration of the thirty-day validation period, the debt collector has a duty to explain in the letter that the legal proceedings do not affect the consumer's validation rights.  Id.

Similarly, Defendants argument that Bartlett and Ellis do not apply because they "did not threaten *any* legal action against Plaintiff," is also unavailing.  (Def. Memo., p. 15).  The statement "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period" is precisely that- a threat to commence legal proceedings if payment is not received.  Indeed, the statement serves no conceivable purpose, other than to coerce the recipient to make a payment out of fear that "legal proceedings" will be commenced.

## V.    DEFENDANTS' ATTEMPTS TO COERCE PAYMENT FROM PLAINTIFF FOR HIS FATHER'S DEBT IS A VIOLATION OF §1692e AND §1692f

Defendants argue that Plaintiff cannot maintain a claim because "there was no language in the March 10, 2010 letter from which it can be inferred that Plaintiff was allegedly obligated to pay the debt" and Plaintiff's request for verification of the debt "demonstrates that he knew that he was not obligated to pay his father's $566 debt." (Def. Memo., p. 17) These arguments are without merit.

The language of Defendants' letter clearly shows that it is an attempt to coerce Plaintiff into paying his father's debt.  The letter is addressed to "Michael Miller" at Michael's home address.  The letter warns that " ...unless *you*" - Michael Miller - "notify this office within thirty (30) days after receiving this notice that *you* dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid.  If *you* notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment

14

and mail *you* a copy of such judgment or verification....."  The letter demands payment from Plaintiff: "Kindly forward *any and all remittance to our firm*....If *you* do not dispute the validity of this debt, please send in *your payment* to this office.  We trust that *you* will avail yourself of this opportunity to dispose of this claim amicably." The letter, which appears on the law firm letterhead, further threatens that the lawyer "*is allowed by law to commence legal proceedings*." The least sophisticated consumer would certainly believe that he is required to pay in response to Defendants' letter or he may be sued.  Thus, Defendant violated the FDCPA by sending a collection demand to someone it knows did not owe the debt. 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

Furthermore, the "least sophisticated consumer" standard is always an "objective" standard.  Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005).  Thus, it is the conduct of the debt collector, rather than the plaintiff's response to that conduct, that determines whether that conduct violates the statute.  Clomon v. Jackson, 988 F. 2d 1314, 1321 (2d Cir. 1993).  It is irrelevant whether or not Plaintiff "knew that he was not obligated to pay his father's $566 debt."  (Def. Memo., p. 17).  Plaintiff's astute response and willingness to act to put a stop to Defendants' practice in no way validates Defendants' abusive collection tactics.[1]

Defendants rely on two cases from the Eastern District of Michigan,  for the proposition that Plaintiff may not maintain a claim under these sections of the FDCPA because Plaintiff knew he was not obligated to pay his father's debts.  However, those cases are easily distinguishable from the present case.

---

[1]  Likewise, despite Defendants' reference, Plaintiff's profession as a lawyer has no bearing on whether *Defendants'* conduct violated the FDCPA.  (See Def. Memo., p. 1).

15

In <u>Kaniewski v. National Action Financial Services</u>, 678 F. Supp. 2d 541 (E.D. Mich. 2009) the Court granted the defendant summary judgment on the plaintiff's claims that the defendant violated the FDCPA by leaving automated messages on the plaintiff's phone but directed to another person. <u>Id.</u> It was undisputed that the messages were left in error and that they were not intended for the plaintiff, but for the actual debtor. <u>Id.</u> Thus, the plaintiff in that case was not the target of defendants' collection practices. Here, Plaintiff is clearly the intended recipient and target of Defendants' collection letter- it was addressed to him and only him.

Similarly <u>Kujawa v. Palisades Colletion, LLP</u>, 614 F. Supp.2d 788 (E.D.Mich 2008), involved a plaintiff that received a release of garnishment and notice of judgment lien that were clearly directed to someone with another address and social security number. It was clear to the plaintiff (citing plaintiff's own affidavit in the case) that the notice was merely sent to the wrong address. Like in <u>Kaniewski</u>, the debt collection actions were not directed at the plaintiff. <u>Id.</u>

In contrast, here, Defendants' letter is clearly directed at Plaintiff and is an unlawful attempt to coerce Plaintiff into paying his father's debt. 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1). Indeed, the FDCPA absolutely prohibits disclosing a debt to the debtor's son. Leaving a message with relatives (other than spouse, guardian, or, in the case of a minor, parent), neighbors, credit references, employees or coworkers is forbidden. <u>Austin v. Great Lakes Collection Bureau, Inc.</u>, 834 F. Supp. 557 (D. Conn. 1993) (secretary); <u>Chiverton v. Federal Financial Group, Inc.</u>, 399 F. Supp. 2d 96 (D. Conn. 2005)(coworkers); <u>Horkey v. J.V.D.B. & Assoc.</u>, 333 F. 3d 769 (7th Cir. 2003)(coworkers); <u>Committee v. Dennis Reimer Co., L.P.A.</u>, 150 F.R.D. 495 (D.Vt. 1993) (coworker) <u>West v. Costen</u>, 558 F. Supp. 564 (W.D.Va. 1983) (relatives). If the letter does not constitute a demand for payment from Plaintiff, at the very least, it constitutes

a disclosure of information to third parties in violation of 15 U.S.C. § 1692c.  There is no lawful explanation for this letter.

Likewise, Defendants' reliance on <u>Baptist v. Global Holding & Inv. Co., L.L.C.</u>, 2007 U.S. Dist. LEXIS 494766 (E.D.N.Y. July 9, 2007) and <u>Spira v. Ashwood Fin., Inc.</u>, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005), is misplaced.  Defendants argue that based on these cases Plaintiff cannot state a claim under §1692e(5), which prohibits a debt collector from threatening to take any action that cannot legally be taken.  However, in both of those cases it was undisputed that the person being dunned for the debt was the person obligated to pay the debt.  Here, Plaintiff's claim is that Defendants violated the FDCPA by sending a collection demand to someone that did not owe the debt and thus the statement " this office is allowed by law to commence a legal proceeding..." is a false, misleading and unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).  Specifically, it falsely threatens to take legal action against Michael Miller which Defendants cannot legally do because Michael Miller has no legal liability for his father's debts.

## VI.    CONCLUSION

For the reasons stated, Defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) should be denied.

17

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY  11556-0165
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on December 20, 2010, a true and accurate copy

of the foregoing document was filed via the Court's CM/ECF system and notification of such

filing was sent to the following parties:

Kenneth M. Labbate
Sanjit Shah
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, NY  10004

s/Daniel A. Edelman
Daniel A. Edelman

18