UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL MILLER,
individually and on behalf of the classes defined herein,

                         Plaintiff,

    v.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENBERG, FORMATO & EINIGER, LLP, and
ROBERT FENSTERMAN,

                         Defendants.
------------------------------------------------------------------X

**Civil Action No.
2:10-cv-02156-JFB-AKT**

## REPLY MEMORANDUM OF LAW OF DEFENDANTS ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP AND ROBERT FENSTERMAN IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Kenneth M. Labbate (KL-1074)
Sanjit Shah (SS-0148)
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, New York 10004
Phone: (212) 804-4200
Fax:     (212) 344-8066
klabbate@moundcotton.com
sshah@moundcotton.com

Attorneys for Defendants
*Abrams, Fensterman, Fensterman, Eisman,
 Greenberg, Formato & Einiger, LLP
 and Robert Fensterman*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

I.   PLAINTIFF LACKS STANDING
     TO MAINTAIN THIS ACTION ..................................................................................2

     A.   Plaintiff is not a consumer ..................................................................................2

     B.   Injurious exposure................................................................................................4

II.  PLAINTIFF HAS FAILED TO
     PLEAD A VIOLATION OF § 1692g........................................................................7

III. DEFENDANTS DID NOT
     VIOLATE §§ 1692e OR 1692f.................................................................................9

CONCLUSION .....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Bank v. Pentagroup Fin., LLC, 08-CV-5293,
2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009) ..................................................5, 6

Barasch v. Estate Info. Servs., LLC, 07-CV-1693,
2009 U.S. Dist. LEXIS 79338 (E.D.N.Y. Sept. 3, 2009) ..................................................5, 6

Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) .......................................................................7

Diaz v. D.L. Recovery Corp.,
486 F. Supp. 2d 474 (E.D. Pa. 2007) ...............................................................................2, 3

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ..........................................................3, 4

Ehrich v. I.C. System, Inc., 681 F. Supp. 2d 265 (E.D.N.Y. 2010) ....................................7 n.4

Kaniewski v. Nat'l Action Fin. Servs.,
678 F. Supp. 2d 541 (E.D. Mich. 2009) ..............................................................................9

Kujawa v. Palisades Collection, L.L.C.,
614 F. Supp. 2d 788 (E.D. Mich. 2008) ..............................................................................9

Madonna v. Academy Collection Serv., Inc.,
Case No. 3:95CV00875, 1997 U.S. Dist. LEXIS 13315
(D. Conn. Aug. 12, 1997) .......................................................................................5, 8, 9, 10

Renick v. Dun & Bradstreet Receivable Mgmt. Servs.,
290 F.3d 1055 (9th Cir. 2002) .............................................................................................8

Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) ...............................................................7

Schwartz v. Resurgent Capital Servs., LP, 08 CV 2533,
2009 U.S. Dist. LEXIS 103903 (E.D.N.Y. Nov. 9, 2009) ....................................................5

Sclafani v. BC Servs., Inc., Case No. 10-61360-CIV, 2
010 U.S. Dist. LEXIS 115330 (S.D. Fla. Oct. 18, 2010) .....................................................6

Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,
155 Fed. Appx. 10 (2d Cir. 2005) ................................................................................4, 5, 6

Villareal v. Snow, No. 95 C 2484,
1996 U.S. Dist. LEXIS 660 (E.D. Ill. Jan. 16, 1996) ........................................................2, 3

Wenrich v. Robert E. Cole, P.C.,
Civil Action No. 00-2588,
2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 26, 2000) ................................................2, 3

Whatley v. Universal Collection Bureau, Inc.,
525 F. Supp. 1204 (N.D. Ga. 1981) .................................................................................2, 3

**Statutes and Rules**

15 U.S.C. § 1692a ......................................................................................................................2

15 U.S.C. § 1692c ......................................................................................................................1

15 U.S.C. § 1692d ......................................................................................................................6

15 U.S.C. § 1692e ........................................................................................................1, 5, 9, 10

15 U.S.C. § 1692f ...................................................................................................................1, 9

15 U.S.C. § 1692g .................................................................................................................1, 7, 9

42 U.S.C. § 1396r ..................................................................................................................4 n.3

Fed. R. Civ. P. 12(c) ..................................................................................................................1

Defendants Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP ("Abrams Fensterman") and Robert Fensterman respectfully submit this reply memorandum of law in further support of their motion for judgment on the pleadings dismissing the Complaint of Plaintiff Michael Miller pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendants sent a single letter to Plaintiff -- addressed to Plaintiff at his law office and not at his home -- requesting payment of a debt incurred by his father, Paul Miller, during the father's stay at the Parker Jewish Institute. In their letter, Defendants *did not* demand that Plaintiff pay his father's debt, *did not* allege that Plaintiff was obligated to pay that debt, and *did not* threaten to sue Plaintiff if he failed to pay that debt. Apart from this letter, and Plaintiff's response disputing the validity of the debt, Defendants had no contact with Plaintiff, and did not otherwise make any effort to collect Paul Miller's debt from Plaintiff.

On these facts, Plaintiff hopes to certify a class action alleging violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g. Plaintiff's complaint should be dismissed with prejudice, however, as Plaintiff does not have standing to sue under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and as Defendants' solitary letter did not contravene the provisions of the statute that Plaintiff claims were violated. Realizing this, Plaintiff argues in desperation that "[i]f the letter does not constitute a demand for payment from Plaintiff, at the very least, it constitutes a disclosure of information to third parties in violation of 15 U.S.C. § 1692c." (Opposition Brief, at 16-17.) Plaintiff, however, has not even attempted to plead a violation of section 1692c, and in any event, he lacks standing to bring such a claim. Defendants' motion for judgment on the pleadings should therefore be granted.

## I.     PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION

Plaintiff contends that "as the intended recipient of [Defendants' March 10, 2010] letter and the clear target of Defendants' abusive debt collection practices, [he] is the only person who has standing to bring the current action." (Opposition Brief, at 5.) Plaintiff's proffered test for standing, however, has no basis in law. As demonstrated in Defendants' moving brief, only a "consumer" as defined in 15 U.S.C. § 1692a(3), a person standing in the shoes of the consumer, or a person who has sustained "injurious exposure" from debt collection activities, has standing to sue under the FDCPA. Because Plaintiff has not alleged that he stands in the shoes of a consumer, and cannot demonstrate either that he is a consumer or that he sustained injurious exposure, his complaint should be dismissed.

### A.    Plaintiff is not a consumer

Under the FDCPA, a consumer is a person who is obligated or allegedly obligated to pay a debt. 15 U.S.C. § 1692a(3). Plaintiff claims that he is a consumer because Defendants sought to collect a debt from him. (Opposition Brief, at 6 ("As the intended recipient of the letter and person from whom Defendants sought to collect the debt, Plaintiff unquestionably is a 'consumer' who has standing to bring the current action.").) There is a difference, however, between seeking to collect a debt from someone, on one hand, and alleging that a person is obligated to pay a debt, on the other.

Plaintiff's attempt to analogize <u>Diaz v. D.L. Recovery Corp.</u>, 486 F. Supp. 2d 474 (E.D. Pa. 2007); <u>Wenrich v. Robert E. Cole, P.C.</u>, Civil Action No. 00-2588, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 26, 2000); <u>Villareal v. Snow</u>, No. 95 C 2484, 1996 U.S. Dist. LEXIS 660 (E.D. Ill. Jan. 16, 1996); and <u>Whatley v. Universal Collection Bureau, Inc.</u>, 525 F. Supp. 1204 (N.D. Ga. 1981), is unavailing, because those cases involved conduct that is simply not present

here. The March 10, 2010 letter does not contain any threats against Plaintiff in connection with the attempt to obtain payment of Paul Miller's debt (see, e.g., Diaz; Whatley); does not contain an allegation that Plaintiff was responsible to pay his father's debt (see, e.g., Wenrich); and does not contain a notice concerning the taking of legal action against Plaintiff on Plaintiff's account. (See, e.g., Villareal).[1]

These cases demonstrate that in order for a plaintiff to be "allegedly obligated" to pay a debt, and therefore be a "consumer" under the FDCPA, there must be some statement by a defendant that the plaintiff is responsible to pay the debt, or a threat to take legal action against the plaintiff if he fails to pay it. Here, all Defendants did was to send a letter to Plaintiff that expressly referenced a debt incurred by Plaintiff's father, Paul Miller, (and enclosed Paul Miller's invoice), and *requested* that Plaintiff send payment *if* he did not dispute its validity.[2]

Contrary to Plaintiff's claim, Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992), is not "[s]imilar to the present set of facts." (Opposition Brief, at 8.) In Dutton, the defendant debt collector sought "to collect from plaintiffs debts incurred by plaintiffs' now deceased parents." Id. at 1132. In each case, the debt collector sent letters stating "Please be advised that we

---

[1] Plaintiff distorts the facts of Diaz and ignores those of Villareal. In Diaz, the Court did not hold that plaintiff Gianna Diaz was allegedly obligated to pay a debt because her complaint contained unsupported allegations that "Defendants alleged [plaintiff] to be obligated to pay a debt[.]" (Opposition Brief, at 7.) Rather, the Diaz court held that Diaz was a consumer because her complaint alleged that "Defendants demanded money from Diaz and even threatened to take possession of her belongings if she did not pay them." Diaz, 486 F. Supp. 2d at 477. Such allegations are a far cry from asking Plaintiff to "[k]indly forward any and all remittances to our firm . . . ." and to "please send in your payment to this office," "[i]f you do not dispute the validity of this debt[.]" (Complaint Ex. A.)
   Villareal involved a letter sent to the plaintiffs in which an attorney advised that his client had contacted him "concerning the taking of legal action against you on your account." Villareal, 1996 U.S. Dist. LEXIS 660, at *6. The letter went on to inform the plaintiffs that "unless you contact Heidi Glassburn . . . with [sic] five days, I shall recommend to my client that they proceed against you." Id. at *7. Under these circumstances, the Court determined that the "letter complained of itself alleges the individual is obligated to pay a debt." Id. at *6.

[2] Plaintiff claims that the March 10, 2010 letter was sent to his home address. (Opposition Brief, at 1, 5, 8, 14.) This is not true, as shown by Plaintiff's March 19, 2010 letter to Abrams Fensterman, annexed as Exhibit 2 to the November 19, 2010 Declaration of Sanjit Shah. This letter was written on the letterhead of Plaintiff's law firm, which bears the address "100 Broadhollow Road, Suite 315, Farmingdale, NY 11735." Defendants' March 10, 2010 letter was sent to Plaintiff at "100 Brush Hollow Road, Room 315, Farmingdale, NY 11735." The substitution of "Brush Hollow Road" for "Broadhollow Road" was an obvious typographical error. Plaintiff does not allege that he resides at 100 Brush Hollow Road in Farmingdale.

3

represent the creditor-named above *to which you are indebted in the above amount.*" Id. at 1133 (italics added).

Thus, in Dutton, the debt collector alleged that the plaintiffs were *indebted* to the creditor. In other words, the defendant in Dutton alleged that the plaintiffs were obligated to pay a debt. There was no such statement made in the March 10, 2010 letter sent by Defendants.

Because the March 10, 2010 letter contained no suggestion that Plaintiff was responsible for paying the debt, or that legal action would be commenced against *him* if he did not pay it, Plaintiff cannot reasonably be considered to be "allegedly obligated" to pay his father's debt. Accordingly, Plaintiff is not a consumer under the FDCPA. Moreover, Plaintiff has not alleged that he stands in the shoes of a consumer. Although the FDCPA was "specifically intended to protect persons who were wrongfully dunned" (Opposition Brief, at 8), the statute was not intended to protect non-consumers who, like Plaintiff, suffered no injurious exposure from debt collection activity.[3]

B.   Injurious exposure

Plaintiff did not allege in the Complaint that he suffered "injurious exposure," and now claims such exposure for the first time in his opposition brief. In support of his argument that he has alleged injurious exposure, Plaintiff argues that Defendants' reliance on Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 155 Fed. Appx. 10 (2d Cir. 2005), and "related cases" is misplaced. (Opposition Brief, at 9.) Defendants, however, did not rely on Sibersky in their

---

[3] Plaintiff's argument that "[n]o collection letters should be sent to family members" because "[f]ederal statute, 42 U.S.C. § 1396r(c)(5)(A)(ii), prohibits such nursing homes from requiring payment from family members" (Opposition Brief, at 8), makes no sense. A request that Plaintiff send payment for a debt owed by his father is not a statement that Plaintiff is required, or obligated, to pay the debt. In any event, 42 U.S.C. § 1396r(c)(5)(B)(ii) provides that "[s]ubparagraph (A)(ii) shall not be construed as preventing a facility from requiring an individual, who has legal access to a resident's income or resources available to pay for care in the facility, to sign a contract (without incurring personal financial liability) to provide payment from the resident's income or resources for such care." 42 U.S.C. § 1396r(c)(5)(B)(ii). The March 10, 2010 letter does not request that Plaintiff pay the debt from his own funds.

4

moving brief, but rather, on the three decisions from this Court that have interpreted Sibersky. In each of those cases, Schwartz v. Resurgent Capital Servs., LP, 08 CV 2533, 2009 U.S. Dist. LEXIS 103903 (E.D.N.Y. Nov. 9, 2009); Barasch v. Estate Info. Servs., LLC, 07-CV-1693, 2009 U.S. Dist. LEXIS 79338 (E.D.N.Y. Sept. 3, 2009); Bank v. Pentagroup Fin., LLC, 08-CV-5293, 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009), it was held that a person who is not a consumer, and does not stand in the shoes of a consumer, must allege "injurious exposure" to the purportedly illegal debt collection activity in order to have standing to sue under the FDCPA. E.g. Schwartz, 2009 U.S. Dist. LEXIS 103903, at *10-*12; Barasch, 2009 U.S. Dist. LEXIS 79338, at *8-*10; Bank, 2009 U.S. Dist. LEXIS 47985, at *15-*16.

It seems that Plaintiff is attempting to argue that he suffered injurious exposure because he was "exposed to a threat of being sued by a law firm claiming the right 'by law' to 'commence a legal proceeding.'" (Opposition Brief, at 10.) This argument fails for two reasons. First, Defendants' statement in the March 10, 2010 letter that "[t]o avoid confusion, please be advised that this office is allowed by law to commence a legal proceeding during the 30 day debt validation period[,]" is not a threat to sue Plaintiff for not paying his father's debt. Madonna v. Academy Collection Serv., Inc., Case No. 3:95CV00875, 1997 U.S. Dist. LEXIS 13315, at *20-*21 (D. Conn. Aug. 12, 1997) ("Far from threatening legal action, the statement that the creditor '*may* choose to pursue legal action,' indicates that legal action is an option available to the creditor, who *may* indeed choose to take advantage of it.") (Cabranes, J., sitting by designation, italics in original).

Second, even if Defendants had threatened to take action against Plaintiff that could not legally be taken or was not intended to be taken, in violation of 15 U.S.C. § 1692e(5) -- and they did not -- Plaintiff still would not be able, without more, to allege injurious exposure. Sibersky,

155 Fed. Appx. at 11-12 ("When an FDCPA complaint alleges that a letter communicates faulty notice pursuant to §§ 1692e(11) and 1692g, or threats violative of § 1692e(5), for the offending communication to be 'with respect to' a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing to sue.").

Accordingly, Plaintiff's interpretation of Sibersky as requiring "only that the non-consumer plaintiff prove that he was harmed under the particular provision of § 1692 -- in other words, the offending communication was directed at plaintiff" (Opposition Brief, at 9), is flat-out wrong. Barasch, 2009 U.S. Dist. LEXIS 79338, at *10 (holding that widow of debtor to whose estate the debt collection letter was sent did not have standing to sue under the FDCPA, concluding that "[s]imply reading the communication cannot qualify Plaintiff for standing under *Sibersky*. Reading the challenged letter by itself amounts only to 'exposure' to the communication -- the language in *Sibersky* requires *injurious* exposure.") (italics in original).

Here, Plaintiff cannot allege injurious exposure to the March 10, 2010 letter because all he did was read the letter. Barasch, 2009 U.S. Dist. LEXIS 79338, at *10. Moreover, unlike Bank, in which the plaintiff alleged that the defendants violated 15 U.S.C. § 1692 by exposing him "to approximately 30 voicemail messages, some of which did not identify the intended recipient of the call . . . ." Bank, 2009 U.S. Dist. LEXIS 47985, at *16, Plaintiff does not even attempt to plead a violation of § 1692d. That provision prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692. Plaintiff's inability to allege a violation of § 1692d is fatal to his argument that he has alleged injurious exposure. See Sclafani v. BC Servs., Inc., Case No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, at *11 (S.D. Fla. Oct. 18, 2010) ("*Sibersky* and

6

*Bank* make clear that a plaintiff may plead facts supporting injurious exposure by alleging direct exposure to communications that violate FDCPA, specifically, *§ 1692d*.").

## II. PLAINTIFF HAS FAILED TO PLEAD A VIOLATION OF § 1692g

Plaintiff contends that the March 10, 2010 letter violated 15 U.S.C. § 1692g because it did not advise him that "if verification is requested, collection activity will cease until it is provided." (Opposition Brief, at 11.) According to Plaintiff, this language is required because the statement in the March 10, 2010 letter that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period[,]" somehow overshadows, confuses or contradicts the language required under § 1692g. Like Plaintiff's other arguments, this one too, has no merit.[4]

As demonstrated by the cases cited by Plaintiff, the statutorily mandated language in a debt validation notice such as the March 10, 2010 letter will be held to be overshadowed if the notice threatens that action will be taken against the consumer in less than thirty days if he fails to pay all or part of the debt. Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997) ("On the one hand, Heibl's letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit.");[5] Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996) ("The consumer was thus

---

[4] Plaintiff's reliance on Ehrich v. I.C. System, Inc., 681 F. Supp. 2d 265 (E.D.N.Y. 2010), is perplexing as that case is wholly inapposite. In Ehrich, the Court held that including the statement, in Spanish, that "[i]f you have some questions regarding your account call 800/270-9420 and refer to your account number," in an English-language debt collection letter violated the FDCPA. Ehrich, 681 F. Supp. 2d at 268, 273 ("Given that defendant deemed it necessary to include the Spanish sentence, the English notice was clearly not sufficient to inform these Spanish-speaking consumers of their rights.").

[5] Plaintiff suggests that in Bartlett, the statement that "suit may be commenced at any time before the expiration of this thirty (30) days," was found to have violated the FDCPA. (Opposition Brief, at 12.) This is not true; rather it

7

presented with two different and conflicting statements. If she believed the message printed on the back of the notice, she would understand, as the Act intends her to, that she had 30 days to decide whether to contest the claim. But, if she believed what was printed on the front of the notice, she would fear that unless she decided not to dispute the claim *and* to pay it within 10 days, the debt she owed would be 'posted' to her credit file.") (italics in original).

Defendants' March 10, 2010 letter is devoid of any language that would cause even the least sophisticated debtor to abandon his right to dispute the validity of the debt within the statutory period. The statement that "this office is allowed by law to commence a legal proceeding during the 30 day debt validation period" does not overshadow or conflict with the statutorily required language for the simple reason that it did not convey a threat that could induce Plaintiff to "ignore his right to take 30 days to verify his debt . . . ." Renick v. Dun & Bradstreet Receivable Mgmt. Servs., 290 F.3d 1055, 1057 (9th Cir. 2002) (internal quotation marks and citation omitted; holding that the statements "use the tearoff portion of this letter . . . to send your payment today" and "PROMPT PAYMENT IS REQUESTED" did not violate § 1692g).

In Madonna, which involved language that is very similar to the language at issue here, Judge Cabranes held that under the least sophisticated consumer standard, "the statement that 'failure to comply may result in our informing our client that you have refused to cooperate, they may choose to pursue legal action,' merely informs the consumer of what may result if the debt is not disputed within the 30 days established by the statute. *This language is not incompatible with the § 1692g notice.*" Madonna, 1997 U.S. Dist. LEXIS 13315, at *13 (italics added).

---

was the statement that "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter" that the Court held created an "outright contradiction." Bartlett, 128 F.3d at 499, 501.

Accordingly, Count I of the Complaint, which attempts to assert a violation of § 1692g, should be dismissed with prejudice.

### III.     DEFENDANTS DID NOT VIOLATE §§ 1692e OR 1692f

Plaintiff argues that the March 10, 2010 letter violated §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) because it was "clearly directed at Plaintiff and is an unlawful attempt to coerce Plaintiff into paying his father's debt." (Opposition Brief, at 16.) In fact, however, the March 10, 2010 letter was nothing of the kind. As explained in Defendants' moving brief, there were no false, misleading or deceptive representations in the letter, which did not use any unfair or unconscionable means to collect the debt owed by Plaintiff's father, Paul Miller. Notably, the March 10, 2010 letter expressly referenced "Paul Miller @ Parker Jewish Institute for Health Care & Rehabilitation" and enclosed Paul Miller's invoice. Moreover, the letter did not allege that Plaintiff was obligated to pay the debt, and did not demand payment from him, as Plaintiff appears to recognize. (Opposition Brief, at 16 ("If the letter does not constitute a demand for payment from Plaintiff....").)

Contrary to Plaintiffs' argument, <u>Kaniewski v. Nat'l Action Fin. Servs.</u>, 678 F. Supp. 2d 541 (E.D. Mich. 2009) and <u>Kujawa v. Palisades Collection, L.L.C.</u>, 614 F. Supp. 2d 788 (E.D. Mich. 2008), are relevant because they demonstrate that there is no violation of the FDCPA when the least sophisticated consumer would objectively know that Defendants were not attempting to collect "on a debt owed by him." <u>Kaniewski</u>, 678 F. Supp. 2d at 546; <u>Kujawa</u>, 614 F. Supp. 2d at 791-92. Here, because there was full disclosure that the debt Defendants sought to collect was incurred by Paul Miller, even the least sophisticated consumer would know that Defendants were not trying to hold Plaintiff responsible for his father's debt. <u>Madonna</u>, 1997 U.S. Dist. LEXIS 13315, at *22-*23 ("We do well to recall that, in crafting the least

9

sophisticated consumer standard, the Court of Appeals carefully preserved the concept of reasonableness. . . . Indeed, courts have consistently applied [this standard] in a manner that protects debt collectors from unreasonable misinterpretations of collection notices.") (citation and internal quotation marks omitted).

Finally, there was no violation of § 1692e(5), because the statement "[t]o avoid confusion, please be advised that this office is allowed by law to commence a legal proceeding during the 30 day debt validation period" cannot reasonably be construed as a threat to take legal action, let alone a threat against Plaintiff. Madonna, 1997 U.S. Dist. LEXIS 13315, at *22 (statement that a creditor "may choose to pursue legal action," did not violate § 1692e(5) because no legal action was threatened).

## CONCLUSION

For the reasons set forth herein, and in Defendants' moving brief, Defendants' motion for judgment on the pleadings should be granted.

Dated: New York, New York
   January 10, 2011

          MOUND COTTON WOLLAN & GREENGRASS

          By: s/Sanjit Shah
             Kenneth M. Labbate (KL-1074)
             Sanjit Shah (SS-0148)
          One Battery Park Plaza
          New York, New York 10004
          (212) 804-4200 (Phone)
          (212) 344-8066 (Fax)
          klabbate@moundcotton.com
          sshah@moundcotton.com
          Attorneys for Defendants
          *Abrams, Fensterman, Fensterman, Eisman,*
            *Greenberg, Formato & Einiger, LLP and Robert Fensterman*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL MILLER,
individually and on behalf of the classes defined herein,

       Plaintiff,

  v.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENBERG, FORMATO & EINIGER, LLP, and
ROBERT FENSTERMAN,

       Defendants.
------------------------------------------------------------------X

**Civil Action No.
2:10-cv-02156-JFB-AKT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Reply Memorandum of Law in Further Support of their Motion for Judgment on the Pleadings Dismissing Plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure was served by regular mail and electronic mail on the 10th day of January 2011 upon those persons or entities listed below.

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603

Abraham Kleinman, Esq.
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626

*Attorneys for Plaintiff*

            s/Sanjit Shah
            Sanjit Shah (SS-0148)