IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
MICHAEL MILLER,                                 :
individually and on behalf of the class defined :
herein,                                         :
                                                :   10-cv-2156
                        Plaintiff,              :
                                                :   Judge Bianco
            v.                                  :
                                                :   Magistrate Judge Tomlinson
ABRAMS, FENSTERMAN, FENSTERMAN,                 :
EISMAN, GREENBERG, FORMATO &                    :
EINIGER, LLP, and ROBERT FENSTERMAN,            :
                                                :
                        Defendants.             :
-------------------------------------------------------x
```

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

   Plaintiff Michael Miller respectfully requests that this Court enter an order

determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class

action against defendants Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger,

LLP, ("AFFE"), and Robert Fensterman.  Plaintiff seeks to certify a class, defined as (a) all natural

persons, other than spouses (b) to whom defendants sent a letter similar in form to that represented

by Exhibit A (i.e. purporting to be sent in the name of Robert Fensterman) (c) in an attempt to

collect a debt for nursing home care provided to someone other than the person to whom the letter

is addressed, (d) on behalf of a nursing home which accepts Medicaid or Medicare for any patient

(e) which letter was sent during a period beginning on May 11, 2009 and ending on May 31, 2010.[2]

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

[2] Plaintiff seeks to represent a class of people who suffered the harm identified in Count II of Plaintiff's
complaint, which was not dismissed as a result of Defendants' motion to dismiss.  Plaintiff does not seek to represent
those people who suffered the harm identified in Count I of Plaintiff's complaint which was dismissed by the Court

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC and Kleinman, LLC be appointed counsel for the class.

In support of this motion, Plaintiff states:

**NATURE OF THE CASE**

1.      On or about March 10, 2010, defendant AFFE sent plaintiff the letter attached as <u>Exhibit A</u>.  It bore the purported signature of defendant Robert Fensterman.

2.      <u>Exhibit A</u> sought to collect a nursing home bill incurred by Paul Miller.

3.      Plaintiff is the adult son of Paul Miller.

4.      Plaintiff has no legal liability for the debts of Paul Miller.

5.      The health care facility on behalf of which <u>Exhibit A</u> was sent, Parker Jewish Institute, accepts Medicare and Medicaid patients.

6.      Federal law prohibits a nursing home which receives Medicaid or Medicare funds from requiring a guarantor for admission from any patient (whether or not that particular patient is a Medicaid or Medicare patient).

7.      42 U.S.C. §1396r(c)(5)(A)(ii) provides:

> **(A) Admission**
>
> **With respect to admissions practices, a nursing facility must-**
> **\*\*\***
> **(ii) not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to,   or continued stay in, the facility; ...**

8.      <u>Exhibit A</u> purports to demand payment from plaintiff for the debts of  Paul

---

following Defendants' motion to dismiss.  Plaintiff has also made slight changes to the class definition as it was previously defined in the Complaint to take into account the information obtained through discovery from Defendant since the filing of this action.

Miller.

9.     Plaintiff did not guarantee payment of the debts of Paul Miller.  Even if he did, such a guarantee would not be valid.

10.     Defendants violated the FDCPA by sending a collection demand to someone who did not owe the debt.

11.     Defendants thereby violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

12.     Section 1692e provides:

§ 1692e.      False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)   The false representation of--

(A)   the character, amount, or legal status of any debt; . . .

(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

13.     Section 1692f provides:

§ 1692f.      Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

3

**expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS CERTIFICATION REQUIREMENTS

14.     All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

15.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons, other than spouses (b) to whom defendants sent a letter similar in form to that represented by Exhibit A (i.e. purporting to be sent in the name of Robert Fensterman) (c) in an attempt to collect a debt for nursing home care provided to someone other than the person to whom the letter is addressed, (d) on behalf of a nursing home which accepts Medicaid or Medicare for any patient (e) which letter was sent during a period beginning on May 11, 2009 and ending on May 31, 2010.

16.     The class is so numerous that joinder of all members is impracticable.

17.     Based on the discovery and documents produced by Defendants, approximately 489 individuals received letters in the form represented by Exhibit A, meeting the class definition defined herein.

18.     A class of 40 satisfies the numerosity requirement, and that is clearly the case here.

19.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

20.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

21.     Plaintiff will fairly and adequately represent the interests of the class

4

members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases (Exhibit B).

22.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.  Many debtors may not realize that their rights are violated.

23.     In further support of this motion, Plaintiff submits the accompanying memorandum of law.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY  11556-0165
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on December 1, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Kenneth M. Labbate
Sanjit Shah
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, NY  10004


s/Daniel A. Edelman
Daniel A. Edelman

6