UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL MILLER, individually and on behalf
of the classes defined herein,

                          Plaintiff,

           - against -

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, GREENBERG, FORMATO & EINIGER,
LLP, and ROBERT FENSTERMAN,

                         Defendants.
---------------------------------------------------------------X

**ORDER**

CV 10-2156 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff Michael Miller ("Plaintiff" or "Miller") brought this action against Defendants Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP ("Abrams Fensterman") and Robert Fensterman ("Fensterman") for alleged unlawful credit and collection practices pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Presently before the Court is Plaintiff's Motion to Compel Defendants to produce discovery regarding net worth information. For the reasons set forth below, Plaintiff's motion is GRANTED in part, and DENIED in part.

       With regard to Defendant Abrams Fensterman, Plaintiff correctly indicates that on July 20, 2011, this Court ordered that Abrams Fensterman produce documents concerning its net worth. *See* DE 41. Subsequent to this ruling, Abrams Fensterman produced the firm's 2010 Partnership Tax Returns which included a two-year comparison of partnership income and a partners' capital account summary. The Partnership Tax Return also included statements delineating deductions, interest income, distributions and assets. The subject of the current

dispute involves Plaintiff's request for additional supporting documents "regarding a number of deductions listed on the tax returns which are highly questionable." Plaintiff claims that Abrams Fensterman has refused to produce these materials. Defendants' counsel advises the Court that on October 14, 2011, Plaintiff's counsel sent him an e-mail stating that additional information was needed related to several deductions contained in the returns. On that basis, Plaintiff requested the production of "ledgers or minutes related to the Auto & Travel, Consulting Fees, Dues & Subscriptions, Insurance, and Meal and Entertainment." Defendants' counsel responded by e-mail stating that "[w]e do not believe you are entitled to additional information concerning the deductions listed below. Please explain the basis for your request." According to Defendants' counsel, Plaintiff never responded to this e-mail.

In support of obtaining these additional documents, Plaintiff cites *Mailloux v. Arrow Fin. Servs., LLC*, No. 01-CV-2000, 2002 WL 246771 (E.D.N.Y. Feb. 21, 2002). This Court, however, finds that Plaintiff's reliance on this case is misplaced. In *Mailloux*, the plaintiff moved to compel responses to discovery requests relating to the net worth of the defendant, which included defendant's tax returns. *Mailloux*, 2002 WL 246771, at *1. In response, the defendant urged the court to accept an affidavit from it in lieu of the documents requested. *Id.* In siding with the plaintiff, the court held that "plaintiff need not accept defendant's interpretation of its financial data through representations in an affidavit, but is entitled herself to examine the data underlying defendant's statement of net worth." *Id.* Here, Abrams Fensterman already produced its tax returns, the very document the plaintiff in *Mailloux* sought. The holding in *Mailloux* does not support Plaintiff's attempt now to conduct its own *de facto* audit of Defendants' filed tax returns. This Court has no intention of having a second litigation within

the current litigation over this issue and notes that Plaintiff has provided no good faith basis for obtaining this information other than mere conjecture. Counsel for Defendants asserts that "Plaintiff, however, ignores that the Tax Return was prepared and submitted to the IRS by certified public accountants, and that he has no right to conduct an audit of Abrams Fensterman." At this juncture, the Court agrees. Accordingly, Plaintiff's request to obtain additional information regarding the deductions listed on Abrams Fensterman's tax returns is denied. However, nothing in this Order precludes counsel from posing questions regarding the existing tax returns and accompanying schedules during the deposition of Defendant's Rule 30(b)(6) witness(es).

Plaintiff also seeks to compel individual Defendant Fensterman to produce information regarding his personal net worth. "[M]any courts, including courts within this district, have recognized that individual liability may be imposed where the defendant sought to be held liable personally engaged in the prohibited conduct." *Krapf v. Prof'l Collection Servs.*, 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007); *see also Ohlson v. The Cadle Co.*, No. 04 Civ. 3418, 2006 WL 721505, at 3 (E.D.N.Y. Mar. 21, 2006) ("The law is clear however, that officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted."); *Williams v. Prof'l Collection Servs.*, No. CV 04-286, 2004 WL 5462235, at *4 (E.D.N.Y. Dec. 7, 2004) ("A high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt.").

Since Fensterman was the signatory on the collection letter which forms the basis for Plaintiff's claims as well as the person who allegedly signed the majority of the letters received

by the putative class members, Plaintiff contends that he is entitled to information regarding Fensterman's net worth. In opposition, Defendants claim that Fensterman did not sign the letter that forms the basis of Plaintiff's claim. Defendants maintain that further discovery will show that neither Fensterman nor any other member of Abrams Fensterman signed or sent the letter to Plaintiff or any of the letters to the putative members of the class. Instead, Defendants maintain that Fensterman merely authorized that the letter sent to Plaintiff be signed on his behalf. What Defendants have done here is put this issue in controversy. The contentions of counsel have yet to be established.

The Complaint alleges that the March 20, 2010 letter sent to Plaintiff was signed by Defendant Fensterman. Compl. ¶ 14. In addition, a copy of the letter is annexed to the Complaint as Exhibit A. This letter, drafted on Abrams Fensterman letterhead, reflects a signature with the name Robert Fensterman. *Id.*, Ex. A. Notwithstanding Defendants' arguments to the contrary, the Complaint makes factual assertions regarding the personal involvement of Defendant Fensterman. Since claims against Defendant Fensterman remain in this action, Plaintiff is entitled to discovery regarding this Defendant's net worth as this figure is "critical to a determination of potential damages." *See Mailloux*, 2002 WL 246771, at *1. Since this case is still in discovery, Plaintiff is entitled to relevant information and, pursuant to the guidelines set forth in *Krapf*, the Court finds this information relevant as to the cited allegations in the Complaint. Accordingly, Defendant Fensterman is directed to produce documents regarding his net worth to Plaintiff by December 16, 2011. These documents are to be produced subject to a mutually agreeable and executed Confidentiality Agreement providing for such

production on an "Attorneys-Eyes Only" basis. That Agreement is to be submitted to the Court expeditiously to be "so ordered."

**SO ORDERED.**

Dated: Central Islip, New York
December 7, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge