```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
------------------------------------------
MICHAEL MILLER,                           | Docket 10-cv-02156-JFB-AKT
                           Plaintiff,     |
                                          | United States Courthouse
              v.                          | Central Islip, New York
                                          |
ABRAMS, FENSTERMAN, FENSTERMAN,           | December 17, 2012
EISMAN, GREENBERG, FORMATO &              | 1:49:32 p.m. - 2:10:24 p.m.
EINIGER, LLC, et al,                      |
                                          |
                           Defendants.    |
------------------------------------------

                    TRANSCRIPT FOR CIVIL CAUSE
              - FINAL APPROVAL OF CLASS ACTION SETTLEMENT -
                 BEFORE THE HONORABLE JOSEPH F. BIANCO
                      UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S :

For Plaintiff:           CATHLEEN M. COMBS, ESQ.
                         Edelman, Combs, Latturner & Goodwin, LLC
                         120 S Lasalle Street, 18th Floor
                         Chicago, Illinois 60603
                         312-739-4200; Fax: 312-419-0379
                         ccombs@edcombs.com

For the Plaintiff:       ABRAHAM KLEINMAN, ESQ.
                         Kleinman, LLC
                         626 RXR Plaza
                         Uniondale, New York 11556-0626
                         516-522-2621; Fax: 888-522-1692
                         akleinman@kleinmanllc.com

For Defendant:           KENNETH M. LABBATE, ESQ.
                         Mound Cotton Wollan & Greengrass
                         One Battery Park Plaza
                         New York, New York 10004
                         212-804-4200; Fax: 212-344-8066
                         klabbate@moundcotton.com

Transcriber:             AAA ELECTRONIC SOUND REPORTERS
                         888-866-5135; 888-677-6131 fax
                         electronicsound@court-transcripts.net

        (Proceedings recorded by electronic sound recording)
```

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12* 2

1 COURTROOM DEPUTY: Calling case 10-cv-2156, *Miller v.*
2 *Abrams*. Counsel, please state your appearances for the record.
3 MS. COMBS: Good afternoon. This is Cathleen M. Combs
4 on behalf of Plaintiff.
5 MR. KLEINMAN: And Abraham Kleinman for the Plaintiff
6 as well, Your Honor.
7 MR. LABBATE: And Ken Labbate for the Defendant, Your
8 Honor.
9 THE COURT: Okay. Good afternoon. As you know, we're
10 here for the final approval hearing with respect to the proposed
11 class action settlement. I received the papers that were
12 submitted on December 10 in connection with the hearing. And
13 I'll just give counsel a brief opportunity to summarize whatever
14 it is they'd like to summarize from those papers before I place
15 the Court's ruling on the record, okay?
16 MS. COMBS: Okay. I would like to update the figures
17 a little bit, Your Honor.
18 THE COURT: Sure.
19 MS. COMBS: Since we submitted our memo, actually, the
20 amount of actual damages that would be paid to the class members
21 who had paid money -- the Court of course recalls that this is a
22 situation where a law firm who had sued people who didn't owe
23 money. And it turns out that there were people, additional
24 people, who were able to show that in fact they were entitled to
25 more money. So the total amount that would be paid in the

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   3

1  actual damaged funds now is $61,847.47.
2           Also --
3           THE COURT: All right.  Can you give me that again,
4  because --
5           MS. COMBS: Yeah.  61,000.
6           THE COURT: Okay.
7           MS. COMBS: $847.47.  And then --
8           MR. LABBATE: Cathy?
9           MS. COMBS: Yeah?
10          MR. LABBATE: We have 846
11          THE COURT: Yeah, I was just looking at the final
12 order.  It says 846.  Is that a typo?
13          MS. COMBS: Whoa, whoa.  She told me -- she told me
14 it's 847.  So perhaps I should double-check --
15          THE COURT: Yes.
16          MS. COMBS: -- with the person who did the numbers and
17 let the Court know --
18          THE COURT: Yeah.  You can double --
19          MS. COMBS: -- either six or seven.
20          THE COURT: Yep.
21          MS. COMBS: Also, there were late claims forms.  In
22 our brief it said 9 late claim forms, but we got 2 more,
23 including a one hundred year old woman who was very persuasive.
24 And so we would like the Court to approve 11 additional late
25 claim forms.  So that would be if all of the 11 late claim

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   4

1  forms, plus 73 timely claim forms, there would be 84 class
2  members receiving approximately $535.71.  So, those are
3  basically the different figures.  And I will double-check on
4  that.
5          THE COURT:  Okay.
6          MS. COMBS:  Okay.  But basically this is a Fair Debt
7  Collection Practice Act class action law suit.  We settled with
8  the mediator, and it was an arm's length negotiation.  And the
9  settlement includes two parts, the return of the actual money
10 paid to the actual damages, and an amount for statutory damages
11 which is approximately the net worth -- one percent of the net
12 worth of the Defendant.  Obviously, they said they were worth
13 less; we said they were worth more, and that was negotiated.
14         We're seeking --
15         THE COURT:  Was there some discovery with respect to
16 that?
17         MS. COMBS:  Yes.
18         THE COURT:  Okay.
19         MS. COMBS:  We did a lot of discovery in this case,
20 Your Honor.  Depositions and lots of documents were produced.
21 We're asking that the Court approve obviously the class amounts
22 that we talked about, but we're asking that the Plaintiff
23 receive $2,500.  He's entitled to up to $1,000 as his own
24 individual statutory damages.  He had to be deposed and it was a
25 long and difficult, I would say arduous, deposition.  So we

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   5

1  would ask the Court to approve that.
2          We're also asking for attorney's fees in the amount of
3  $113,000, which is actually less than our time, our time and
4  expenses.  That also includes the cost of mediation that we're
5  asking for reimbursement for.
6          The thing that I think is important to note here is
7  that notices were sent out to 865 people; that 85 were returned
8  as undeliverable.  We actually returned and re-mailed 128,
9  because we wanted to make sure that the actual people with
10 actual damages were notified.  And we received 75 timely claim
11 forms and 11 late claim forms.  This is a settlement where there
12 were no objections and no opt-outs.  So the response of the
13 class members, and we did a thorough mailing here, was very
14 positive to this.
15         Your Honor, we believe that it's a very good result
16 for the class, and we would ask the Court to approve the
17 settlement, and the attorney's fees and the payment to the
18 Plaintiff.
19         THE COURT:  Okay.  Thank you.  Mr. Labbate, anything
20 you want to add?
21         MR. LABBATE:  No, Judge, that's subject to confirming
22 the actual damage amount.  We too would ask that Your Honor
23 approve the settlement.
24         THE COURT:  Okay.  Thank you.  Let me place the
25 Court's ruling on the record.  Let me just -- there's nobody

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   6

1  here to object.

2         MS. COMBS:  Just an observer, not a class member.

3         THE COURT:  Right.  So, I just wanted to note that for
4  the record.  And the Court will place its ruling on the record
5  now.  I won't repeat the standard for approving the settlement,
6  a class action settlement, in great detail.  I will simply adopt
7  the standard that I laid out in a prior -- two prior opinions
8  involving different settlement.  That would be D*upler v. Costco*
9  *Wholesale Corporation*, 705 F. Supp. 2d 231 (April 15, 2010),
10 which goes through the standard for determining whether a
11 settlement should be approved under the "Grinnell" factors,
12 which again, the law is laid out extensively in that opinion; as
13 well as the law with respect to attorney's fees, and the
14 loadstar and the percentage methods, as well as for incentive
15 awards to class members.

16        I adopt the legal standard set forth in that case in
17 its entirety.  As well as in the *Dupler v. Costco* case, 249 FRD
18 29 (Eastern District, January 31, 2008), which sets forth, again
19 in great detail, the Rule 23 requirements for certification of a
20 class.  And I adopt that standard in its entirety as well.

21        As both sides note in the memorandum that was -- it's
22 the Plaintiff's memorandum submitted in connection with the
23 settlement in this case, the Supreme in the Second Circuit made
24 clear that before approving a class action settlement the
25 district court must first be satisfied that the elements of Rule

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*    7

1   23(a) and 23(b) have been met.  Even though that was done
2   preliminarily back in August, the Court must look at it again in
3   light of any objections, and in light of the record as whole to
4   make sure that the requirements continue to be met.  And then
5   once it is determined that those requirements have been met, the
6   Court must determine whether the settlement is fair and
7   reasonable under the "Grinnell" test set forth by the Second
8   Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463,
9   (Second Circuit, 1975).
10              Applying that standard here, I am approving the
11  settlement for -- and I'll briefly again state the reasons on
12  the record applying that standard to this case.  First, I do
13  believe that the late claims should be accepted.  I think we
14  have 11 now, is that what you said?
15              MS. COMBS:  That's correct.
16              THE COURT:  So those claims should be accepted
17  notwithstanding the fact that they were postmarked after the
18  deadline, especially in light of Hurricane Sandy and other
19  issues that people may have had.  So they should be allowed to
20  participate in the settlement.
21              Just moving to the Rule 23 factors; in going through
22  them briefly, and again I reiterated this at the time of the
23  preliminary approval, and I will again analyze it here.  First,
24  it is clear that the settlement class that was certified here is
25  so numerous that joinder of all members is impracticable.  We

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*  8

1 have over 800 individuals who met the class definition and were
2 sent notice pursuant to my order.  And this certainly meets the
3 numerosity requirement of Rule 23(a)(1).
4         And by the way, I should have said this earlier, with
5 respect to the notice procedure, I find that it was implemented
6 consistent with the Court's order, which certainly satisfies the
7 process that is necessary under the law for class settlement.
8         With respect to Rule 23(a)(2), there's no question
9 that the claims within this class arise from common questions of
10 law and fact.  It involved a form letter seeking to collect
11 debts from nursing home -- for nursing home care provided to
12 persons other than the individuals to whom the letters were
13 addressed.  And therefore, given the common letter that was sent
14 to the class members, what's clear to the Court and continues to
15 be clear to the Court that the common questions of fact and law
16 continue to predominate this case, thereby satisfying Rule
17 23(a)(2).
18         23(a)(3), for the reasons that I just stated with
19 respect to the other requirements, the commonality and
20 typicality requirements are satisfied, again, because of the
21 common questions of law and fact.  Those requirements are
22 clearly met for the reasons I've already stated and won't
23 repeat.
24         With respect to 23(a)(4), Plaintiff in this case, the
25 named Plaintiff, as well as class counsel, will fairly and

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   9

1  adequately protect the interest of the settlement class.  As I
2  previously noted, the experience of Plaintiff's counsel in class
3  action FDCPA litigation, they have demonstrated that in a way
4  that they have diligently pursued these claims, both in terms of
5  the discovery, as well as litigation in the case, and the
6  mediation efforts.  And there's no indication with respect to
7  the Plaintiff representative of any interest that are
8  antagonistic to the class as a whole.  And therefore Rule
9  23(a)(4) is clearly satisfied.
10             Moving to Rule 23(b)(3), I find that common questions
11 predominate over the individual issues.  I'm not sure what the
12 individual issues would be in this case given the core facts and
13 law that predominate each of the individual -- predominate the
14 claims as a whole, but it is clear that the common questions
15 predominate over whatever individual issues would exist.
16             I also find for the same reasons that a class action
17 is the superior method to resolve these claims given the large
18 number of class members and the relatively small dollar amounts
19 that would be issued with respect to each individual class
20 member, whether they bring the case themselves.  This is a clear
21 example of how a class action presents a superior method to
22 fairly and efficiently adjudicate all the claims of the class
23 under Rule 23(b)(3).  And obviously the class members have the
24 ability to opt-out if they wish to.  And here, there are no
25 objections or exclusions that were received.

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   10

1    So for all those reasons I find that Rule 23(a) and
2   23(b) have been met.  I now move to the review of the settlement
3   terms under the "Grinnell" factors.
4    I find that all the factors in this case, all the
5   "Grinnell" factors favor approval of the settlement as fair and
6   reasonable for the following reasons.
7    First, just going through the factors, in terms of the
8   procedural fairness as was noted by Plaintiff's counsel today,
9   and is clear to the Court from my supervision of the case, the
10  parties here operated at arm's length; there was extensive
11  discovery; and the participated in mediation which helped
12  achieve the settlement.  So procedurally there's no question in
13  my mind that the settlement is procedurally fair.
14    With respect to the complexity, expense and likely
15  duration of the litigation, if there were not a settlement,
16  there certainly would have been, notwithstanding the
17  considerable time and effort that has been made already,
18  substantial additional time and effort with respect to summary
19  judgment, and if the claims would have survived summary
20  judgments, additional litigation with respect to the case as a
21  whole.  So those factors certainly favor -- that factor favors
22  the settlement in this case.
23    With respect to the reaction of the class members, as
24  it's been noted, has been uniformly positive.  No request for
25  exclusion or objections to the settlement.  So that favors

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   11

1   approval of the settlement.
2           With respect to the stage of the proceedings, the
3   amount of the discovery completed, it has been noted there has
4   been extensive discovery in the case, and there's no question
5   that this factor, given the amount of time and effort and
6   litigation that has already gone on with respect to the case,
7   this factor certainly favors settlement as well.
8           With respect to the risk -- well, I'll take 4, 5, and
9   6 together, which deal with the risk of establishing liability,
10  of establishing damages, and maintaining the class action
11  through the trial, notwithstanding what I've said regarding the
12  common questions of law and fact, there's always the potential
13  risks of maintaining the class through a trial, as well as the
14  risks of establish liability with respect to the summary
15  judgment motion that would have certainly been pursued as well
16  as then establishing the level of damages.  There are risks
17  inherent to all those areas of further litigation.  And these
18  factors as a group certainly favor the settlement in this case.
19          With respect to the range of the reasonableness of the
20  settlement in light of the best possible recovery, as well as
21  the range of the reasonableness of the settlement fund to a
22  possible recovery in light of the attendant risks of litigation,
23  I find that the amounts that were achieved as part of this
24  settlement fairly balance those risks of pursuing the case
25  further has been noted.

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   12

1         With respect to the statutory damages that were done
2    after discovery regarding what one percent would be with respect
3    to the revenues of the Defendant, as well as the actual damages
4    for the people who actually lost money, constitutes a 100
5    percent payout to them.
6         MS. COMBS:  Correct.
7         THE COURT:  So the class I think obviously has done
8    very well with respect to the settlement, especially in light of
9    the attendant risks that continue to litigate the case.  So for
10   all those reasons, I find that the settlement is procedurally
11   fair and substantively fair with respect to the class members,
12   and is approved.
13        With respect to the attorney's fees in this case,
14   again, the standard is set forth in the Costco opinion I believe
15   whether you did this by the percentage method or the loadstar
16   method, although I think in this particular case, the loadstar
17   method is a better reflection of what the appropriate amount
18   should be.  I think that the fees and costs being sought are
19   reasonable in light of the settlement that was achieved, and the
20   time and money that were expended by Plaintiff's counsel in
21   achieving that settlement.
22        And as they noted in the papers, it's important to
23   note that the settlement fund to the class is not being reduced
24   as a result of the fees.  The fees are being paid independent of
25   the common fund for the class members.  And is an additional

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12* 13

1  reason why the loadstar method is appropriate in this case.  And
2  therefore I am awarding the fees requested of $112,566.80, as
3  well as the costs of $10,468.93 based upon the declarations that
4  were submitted.
5         Similarly, I approve the payment of $2,500 to
6  Plaintiff, the named Plaintiff in settlement of his claims and
7  for his role as class representative.  Given that he represented
8  the class and had to go through the deposition, I believe that's
9  a reasonable amount to be paid for his role as the class
10 representative.
11        So for all those reasons, I'm approving the
12 settlement, including the attorneys fees and costs and the
13 payment to the class representative in its entirety and my
14 intention will be to sign the final approval order once we
15 confirm the dollar amounts.
16        MS. COMBS:  Okay.  One other point; the Defendant has
17 agreed only to pay up to $113,000 even though we've expended
18 more.
19        THE COURT:  Oh.  Okay.
20        MS. COMBS:  And then we'll get back -- we'll submit a
21 correct figure.  I'll have to go back to my office and figure
22 out what happened.  And we can just send that -- could we just
23 send an order to the Court?
24        THE COURT:  Yes.
25        MS. COMBS:  All right.

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   14

1           THE COURT:  Just send a revised order.
2           MS. COMBS:  Yes.
3           THE COURT:  Or just send me a letter saying that the
4  one you submitted is correct if it's correct.
5           MR. LABBATE:  That's fine, Judge.
6           MS. COMBS:  Yes.
7           MR. LABBATE:  Just so the record is clear, the parties
8  agreed to attorney fees of $113,000.
9           MS. COMBS:  Right.
10          MR. LABBATE:  I think the other numbers were probably
11 their declaration as to --
12          THE COURT:  Yes.
13          MS. COMBS:  Yes.
14          MR. LABBATE:  -- the value of what they estimated.
15          THE COURT:  I'm glad you pointed that out, because
16 that's what I was looking at, but I see now for the final order
17 that it reflects what the settlement agreement was.  So I'm
18 approving the fees in the amount of -- fees and costs in total
19 in the amount of $113,000.  Okay?
20          MS. COMBS:  Correct.
21          MR. LABBATE:  Thank you.
22          MS. COMBS:  And then I will let the Court know whether
23 or not the current order is the correct figure.  If not, we'll
24 submit a new one.
25          THE COURT:  Okay.  Great.

*Miller v. Abrams, Fensterman, Fensterman … et al - 12/17/12*   15

1           MS. COMBS:  All right.
2           THE COURT:  All right.  Is there anything else for
3   today?
4           MS. COMBS:  I think that's it, Your Honor.
5           MR. LABBATE:  That's it, Judge.
6           THE COURT:  Okay.  Thank you.
7           MR. LABBATE:  Thank you.
8           THE COURT:  Have a good day.
9           MS. COMBS:  Thank you very much.
10                          - o0o -
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1                    CERTIFICATION

2

3        I, Rochelle V. Grant, certify that the foregoing is a

4  correct transcript from the official electronic sound recording

5  of the proceedings in the above-entitled matter.

6

7  Dated:  January 22, 2013

8

9  _____

10                        Rochelle V. Grant